UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEIKO EDGAR, DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, GINA GILOMEN-STUDY, UHA HEALTH INSURANCE, ANNE ARUNDEL COUNTY, and ROGERS MACHINERY COMPANY, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA A PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC., <br><br> Defendants. | Case No. 22-cv-2501-DDC-TJJ |

## ORDER REGARDING PHASE I DISCOVERY

On June 13, 2024, U.S. Magistrate Judge Teresa J. James conducted a Fed. R. Civ. P. 16 Phase I scheduling conference in this case. Plaintiffs appeared through counsel, W. Greg Wright and Hammons P. Hepner, in person, and Alison E. Chase, Gretchen F. Cappio, and Matt Tripolitsiotis, remotely via telephone. Defendants appeared through counsel, Brent N. Coverdale, and Christopher Holding, in person. This Order memorializes the Court's rulings from the scheduling conference.

1. During Phase I, discovery will be bifurcated and limited to the following:

      a.    the timeliness of Plaintiffs' claims under the applicable statute of limitations ("Timeliness/Limitations Discovery");[1] and

      b.    the Court's jurisdiction over Teva Pharmaceutical Industries Ltd. ("Teva Israel"), including its contacts with Kansas and the United States and control of its subsidiaries relevant to this lawsuit ("Teva Israel Jurisdictional Discovery").[2]

2. Defendants' request to stay all discovery until there is a ruling on their petition for interlocutory review of District Judge Crabtree's M&O (ECF No. 74) is denied.

3. The parties have already exchanged their Fed. R. Civ. P. 26(a)(1)(A) disclosures.

4. Defendants' deadline to answer Plaintiffs' First Amended Class Action Complaint (ECF No. 42) remains five business days after the Court's order on Defendants' Motion for Clarification (ECF No. 77).

5. The parties raised concerns about anticipated disputes over timeliness/limitations versus merits discovery. The Court declined to adopt Defendants' suggestion that, during Phase I depositions, counsel be entitled to instruct witnesses not to answer questions believed to address topics beyond the scope of Phase I discovery. Instead, after discussing various proposals and suggestions, the Court ordered the parties to confer in good faith and attempt to reach an agreement regarding the scope or

---

[1] *See* March 26, 2024 Mem. & Order (ECF No. 74) at 40-41 (granting Defendants' motion to dismiss in part and suggesting a bifurcated approach to discovery dedicated to the pivotal issue of timeliness of Plaintiffs' claims under the statute of limitations).

[2] *See* March 26, 2024 Mem. & Order (ECF No. 72-1) granting Plaintiffs' Motion for Jurisdictional Discovery.

        boundaries of proper Timeliness/Limitations Discovery distinct from merits-based discovery.

6. The parties stipulated no expert witnesses will be disclosed or designated by the parties in Phase I.

7. Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order to chambers by **June 28, 2024**. If the parties disagree on the need for, scope, and/or form of a protective order, the parties shall submit their respective proposed orders, indicating areas of disagreement by redline and accompanied by separate supporting briefs limited to five (5) pages setting forth their respective positions, to chambers by **July 12, 2024**. Any proposed protective order should be drafted in compliance with the guidelines available on the court's website: https://www.ksd.uscourts.gov/district-kansas-guidelines.

    At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website: https://www.ksd.uscourts.gov/civil-forms.

8. The parties will confer regarding a protocol to govern ESI in this case and if they reach an agreement on all the terms for an ESI protocol, they will jointly submit a proposed ESI protocol to chambers on or before **June 28, 2024**. If the parties disagree concerning the scope or terms of the ESI protocol, the parties shall submit their respective proposed protocols, indicating areas of disagreement by redline and

        accompanied by separate supporting briefs limited to five (5) pages setting forth their respective positions, to chambers by **July 12, 2024**.

9. Depositions may be governed by a deposition protocol, although the Court will not require a deposition protocol in Phase I of this case. If the parties agree on the need for, scope, and form of a deposition protocol, they must submit a jointly proposed deposition protocol to chambers by **June 28, 2024**. If the parties disagree on the need for, scope, and/or form of a deposition protocol, the parties shall submit their respective proposed protocols, indicating areas of disagreement by redline and accompanied by separate supporting briefs limited to five (5) pages setting forth their respective positions, to chambers by **July 12, 2024**. Whether or not a deposition protocol is entered in this case, all depositions will be governed by Fed. R. Civ. P. 30 and the written guidelines on the court's website.

10. The Court declined to adopt Defendants' suggestion that the fact a witness was deposed in Phase I shall not, itself, constitute a basis to refuse to sit for an additional deposition in Phase II, should the case proceed. Instead, pursuant to Fed. R. Civ. P. 30(a)(2)(A), absent a stipulation of the parties, leave of Court will be required before any witness can be deposed a second time.

11. By **June 28, 2024**, the parties shall submit to chambers their proposed joint Phase I scheduling order that contains:

    a. The parties' suggested deadlines for completion of Phase I fact discovery and filing Phase I summary judgment motions;

    b. The parties' agreements regarding the scope or boundaries of proper Timeliness/Limitations Discovery;

      c.      The parties' agreements with respect to the scope of Teva Israel Jurisdictional Discovery;

      d.      The parties' contemplated Phase I discovery with proposed limits (e.g., number of Rule 30(b)(6) and 30(b)(1) depositions to be taken, type and number of written discovery requests to be served by Plaintiffs and Defendants, collectively) for Timeliness/Limitations Discovery and Teva Israel Jurisdictional Discovery;

      e.      The parties' agreements with respect to any third-party discovery, including their agreements, if any, regarding the use of depositions or other discovery from other cases in this case; and

      f.      Any other issues or deadlines proposed by the parties.

12. All proposed orders and protocols to be submitted to chambers shall be submitted in Word format as attachments to e-mails sent to *ksd_james_chambers@ksd.uscourts.gov*.

IT IS SO ORDERED.

Dated June 14, 2024, at Kansas City, Kansas.

                                                    Teresa J. James
                                                    U. S. Magistrate Judge