IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEIKO EDGAR, DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, GINA GILOMEN-STUDY, UHA HEALTH INSURANCE, ANNE ARUNDEL COUNTY, MARYLAND and ROGERS MACHINERY COMPANY, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>      Defendants. | Case No. 22-2501-DDC-TJJ |

**MEMORANDUM AND ORDER**

Plaintiffs have moved the court to clarify its decision on defendants' Motion to Dismiss. Doc. 77. Plaintiffs assert that they can't tell whether the court's Memorandum and Order dismissed their antitrust claims under California's Cartwright Act. *Id.* at 1. The court grants plaintiffs' motion, offering the following clarification.

Plaintiffs' Amended Complaint asserts claims for restraint of trade (Count V) and monopolization (Count VI) under various state laws. Doc. 42 at 55–58, 58–61 (1st Am. Compl. ¶¶ 250–60, 261–67). Those various state laws include two California laws: California's Unfair

Competition Law and California's Cartwright Act. *Id.* at 57, 59 (1st Am. Compl. ¶¶ 258.c., 266.c.). These two laws do different things. California's Unfair Competition Law is a consumer protection statute. *See Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1137 (C.D. Cal. 2005) ("The goal of . . . the UCL . . . is the protection of consumers."). In contrast, California's Cartwright Act is an antitrust statute. *See Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 7–8 (2012) (explaining history of Cartwright Act, "which generally outlaws any combinations or agreements which restrain trade or competition or which fix or control prices." (quotation cleaned up)).

Defendants moved to dismiss "Plaintiffs' consumer-protection claims under California . . . law" for "fail[ure] to allege the requisite intrastate connection." Doc. 47 at 48. Defendants argued that, like "a number of antitrust claims, [plaintiffs'] consumer protection-claim under California . . . law fail[s] for lack of sufficient intrastate conduct or significant nexus." *Id.* The court granted defendants' request to dismiss these claims because plaintiffs failed to respond and failed to plead a sufficient nexus with California. Doc. 74 at 69–70.

Plaintiffs' Motion for Clarification argues that defendants only moved to dismiss the consumer protection claims under California's Unfair Competition Law—not the Cartwright Act claims. Doc. 77 at 2. The court agrees. Defendants argue that plaintiffs' Cartwright Act claims fail because they lack a sufficient nexus with California, so the same rationale applies, and the court should dismiss the claims sua sponte. But the court rarely grants relief that a party neglects to request, nor is it willing to give defendants a second opportunity at dismissal. Plaintiffs' Cartwright Act claims thus remain.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Clarification (Doc. 77) is granted.

**IT IS SO ORDERED.**

**Dated this 24th day of July, 2024, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u><br>
**Daniel D. Crabtree**<br>
**United States District Judge**

3