UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEIKO EDGAR, DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, GINA GILOMEN-STUDY, UHA HEALTH INSURANCE, ANNE ARUNDEL COUNTY, and ROGERS MACHINERY COMPANY, INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEVA A PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>    Defendants. | Case No. 22-cv-2501-DDC-TJJ |

**ORDER REGARDING DISPUTED PROVISIONS OF THE
PARTIES' PROPOSED PROTECTIVE ORDER AND ESI PROTOCOL**

On July 26, 2024, in accordance with the Order Regarding Phase I Discovery (ECF No. 88), the Parties submitted the following documents to chambers via email: (1) the Parties' proposed ESI Protocol and Appendix A to the ESI Protocol; (2) the Parties' proposed Protective Order; and (3)-(4) the Parties' position statements on disputes related to ¶ V(F) of the ESI Protocol and § 12 of the Protective Order. After reviewing the above and finding oral argument would not materially assist in resolution of the disputes, the Court enters its ruling on the disputed provisions. As explained below, the Court selects Defendants' proposed clawback provision (Option 2) for

inclusion in the Protective Order and selects Plaintiffs' proposed TAR provision (Option 1) for inclusion in the ESI Protocol.

## I. Protective Order Clawback Provision

The parties disagree whether the clawback procedure for the disclosure of privileged information should be limited to "inadvertent or mistaken production" (proposed by Plaintiffs as Option 1), or whether a party may invoke the clawback procedure for all materials produced "whether inadvertent or otherwise" (proposed by Defendants as Option 2).

Plaintiffs' proposal limits the clawback provision of the protective order to "inadvertent or mistaken production," arguing Fed. R. Evid. 502(b) is expressly titled "Inadvertent Disclosure," and provides a safe harbor for inadvertent production if reasonable steps were taken to prevent the error and then rectify it. They argue that by removing the concept of inadvertence, Defendants' proposal eradicates the waiver consequences of an intentional disclosure. Plaintiffs state they expect Defendant Teva may attempt to use the "inadvertence-less" clawback provision to allow re-assertion of privilege over emails Teva intentionally produced in the EpiPen MDL to keep them out of this case.

Defendants argue their proposed clawback provision for all materials "whether inadvertent or otherwise" is consistent with Fed. R. Evid. 502(d), and is a common and common-sense approach that avoids fights over whether the production or disclosure of privileged information was in fact "inadvertent." They contend ample protections remain under both the Protective Order and the Federal Rules to allow the parties to challenge an assertion of privilege if they believe such a challenge is warranted.

The Court finds Defendants' proposed provision permitting the clawback of privileged materials on any basis, "whether inadvertent or otherwise," will avoid disputes over whether the

parties' disclosure was inadvertent. Plaintiffs' concern regarding the potential for clawback of privileged documents that were intentionally disclosed in other cases, if it becomes an issue, can be addressed through motion practice challenging the assertion of privilege for the specific documents at issue.

**II.     ESI Protocol TAR Provision**

The parties also propose two differing provisions for the use of Technology Assisted Review ("TAR") during document review. Plaintiffs state they do not oppose the use of TAR, but object that Defendants seek to use TAR without disclosing why it is needed, and without cooperating to reach a "transparent TAR protocol." Plaintiffs propose the following TAR provision for inclusion in the ESI Protocol:

> If a producing Party intends to use TAR to cull documents for review and production after a good faith attempt to produce from the search term protocol, the producing party shall disclose the need for implementation of TAR. The parties shall then meet and confer to enter into a cooperative and transparent TAR protocol.

Defendants object to Plaintiffs' provision and propose the simpler TAR provision: "The parties shall meet and confer to enter into a mutually agreeable TAR protocol." Defendants argue Plaintiffs' provision eliminates the TAR cost and time saving features by specifying that TAR can be used to cull documents only "after a good faith attempt to produce from the search term protocol." In other words, Defendants argue Plaintiffs' proposal only allows the use of TAR *after* the parties manually review and produce documents from the search term hit population, which significantly increases the cost and time of document review, without a corresponding increase in accuracy. Defendants also oppose use of the word "transparent" for a TAR protocol because it is ambiguous and object to disclosing their need for implementation of TAR on the basis that it might waive attorney-client privilege or work product.

Both sides make valid arguments, but the Court finds Plaintiffs' proposed TAR provision to be the better choice. The Court finds persuasive the cases cited by Plaintiffs noting the importance of transparency and cooperation among counsel when a party intends to use TAR.[1] According to those cases, TAR requires "an unprecedented degree of transparency and cooperation among counsel in the review and production of ESI responsive to discovery requests." Those case also note that courts approving the use of TAR typically "required the producing party to provide the requesting party with full disclosure about the [TAR] technology used, the process, and the methodology, including the documents used to 'train' the computer."[2] Plaintiffs' TAR provision better aligns with these principles of transparency and cooperation as it requires the party intending to use TAR to disclose the need for implementation of TAR, as well as requiring a meet and confer to enter into a "cooperative and transparent TAR protocol." The Court does not find the word "transparent" ambiguous in this context.

However, the Court recognizes the cost-saving benefits of TAR may be significantly reduced if a party intending to use TAR is required to first conduct an extensive manual review and production of responsive ESI. Plaintiffs' proposed provision—requiring a party intending to use TAR to make a "good faith attempt to produce from the search term protocol" before implementing TAR—is unclear as to what that would entail. Prior to entry of this Order, the Court informally requested the parties further confer and attempt to draft additional language setting

---

[1] *In re Diisocyanates Antitrust Litig.*, No. MC 18-1001, 2021 WL 4295729, at *7 (W.D. Pa. Aug. 23, 2021), E-discovery special master's report and recommendation adopted, No. MC 18-1001, 2021 WL 4295719 (W.D. Pa. Sept. 21, 2021); *Youngevity Int'l, Corp. v. Smith*, No. 16-cv-00704-BTM(JLB), 2019 WL 1542300, at *12 (S.D. Cal. Apr. 9, 2019); *In re Valsartan, Losartan, & Irbesartan Prod. Liab. Litig.*, 337 F.R.D. 610, 622 (D.N.J. 2020).

[2] *Youngevity*, 2019 WL 1542300, at *12 (quoting *Progressive Cas. Ins. Co. v. Delaney*, No. 2:11-CV-00678-LRH, 2014 WL 3563467, at *10 (D. Nev. July 18, 2014)).

parameters on what would constitute a "good faith attempt to produce from the search term protocol" before using TAR. The parties advised they were unable to reach agreement. The Court will not craft language for the parties regarding this technical issue. Instead, the Court reminds the parties that a "reasonableness" standard shall apply to the TAR provision requiring a "good faith attempt to produce from the search term protocol."

In conjunction with this Order, the Court will enter the parties' proposed Protective Order with Defendants' proposed clawback provision, and the parties' proposed ESI Protocol with Plaintiffs' proposed TAR provision.

IT IS SO ORDERED.

Dated August 5, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge