UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>     Defendants. | Case No. 22-cv-2501-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Responses (ECF No. 127). Plaintiffs request an order, pursuant to Fed. R. Civ. P. 37(a), overruling Defendants' conditional non-privilege general objections and compelling Defendants to produce documents responsive to Plaintiffs' First Requests for Production ("RFP").[1] Defendants argue the motion is largely moot and should be denied. As explained below, Plaintiffs' motion is granted in part and denied in part.

---

[1] Plaintiffs' initial motion sought to compel responses to ten RFPs: 1, 4, 7–10, 12, 16, 19 and 26. However, Plaintiffs state in their Amended Reply that "[o]nly RFP 10 remains in dispute." ECF No. 142.

I.  **Nature of the Case and Discovery Dispute Background**

Plaintiffs—representing a proposed class—allege Defendants and their co-conspirators entered an unlawful reverse payment settlement and conspired to safeguard their monopoly on Nuvigil, a wakefulness drug with the generic name Armodafinil. Plaintiffs allege Defendants agreed to stay out of the EpiPen market, allowing Mylan and Pfizer to maintain their EpiPen monopoly. In exchange, Plaintiffs contend, Mylan and Pfizer agreed to stay out of the Nuvigil market, allowing Defendants to maintain their Nuvigil monopoly.[2] Based on these factual allegations, Plaintiffs assert four claims: (1) a Sherman Act claim; (2) claims for Conspiracy and Combination in Restraint of Trade under various state laws; (3) claims for Monopolization and Monopolistic Scheme under various state laws; and (4) a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim.[3]

Early in the case, Defendants filed motions to dismiss Plaintiffs' claims as barred by the statute of limitations.[4] On March 26, 2024, Judge Crabtree denied the motion to dismiss but suggested a bifurcated approach to discovery with initial discovery focused on the pivotal issue of timeliness.[5]

---

[2] Most of this factual background summary of the case is taken from District Judge Crabtree's Nov. 6, 2024 Mem. & Order (ECF No. 131).

[3] Corrected Second Am. Class Action Compl. (ECF No. 129) filed on Nov. 5, 2024.

[4] ECF Nos. 33 and 47.

[5] Mar. 26, 2024 Mem. & Order (ECF No. 74) at 40.

At the June 13, 2024 scheduling conference, the parties discussed bifurcation of discovery and indicated their positions on the scope of initial discovery regarding the timeliness issue. The Court thereafter entered an order requiring discovery in Phase I be bifurcated and limited to the timeliness of Plaintiffs' claims under the applicable statute of limitations ("Timeliness/Limitations discovery").[6] On July 15, 2024, the Court entered the Phase I Scheduling Order, which reflected the parties' agreement that Phase I Timeliness/Limitations discovery is limited to:

> [T]he timeliness of Plaintiffs' claims under the applicable statutes of limitations and any related statute-of-limitations issues, facts, and circumstances, including Defendants' statute of limitations defense or defenses (and the elements thereof) and the issues of tolling, equitable tolling, and fraudulent concealment (and the elements thereof).[7]

On July 30, 2024, Plaintiffs served Defendants with their First Set of Requests for Production. On August 29, 2024, Defendants served their Responses and Objections to Plaintiffs' RFPs, which asserted several objections to each request, including objections that the discovery sought was "beyond the scope of Phase I discovery." Defendants also prefaced many of their discovery responses with the phrase, "[s]ubject to and without waiving the foregoing objections," before stating what they would produce.

On October 28, 2024, the undersigned Magistrate Judge held a D. Kan. Rule 37.1(a) pre-motion discovery conference and provided guidance with respect to specific discovery requests

---

[6] Order Regarding Phase I Disc. (ECF No. 88). Discovery was also allowed on the issue of personal jurisdiction over Teva Israel.

[7] Phase I Sch. Order (ECF No. 92).

3

raised by the parties[8] and Defendants' conditional discovery responses and objections, including whether the discovery sought is within the limited scope of permissible Timeliness/Limitations Phase I discovery. The Court suggested the parties further confer regarding an agreement with respect to the scope of Phase I Timeliness/Limitations discovery. After further conferring, Plaintiffs filed this motion.[9]

## II. Legal Standards

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection. The motion may be made if a party fails to produce documents as requested under Rule 34[10] or fails to answer an interrogatory submitted under Rule 33.[11] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[12] The party filing the motion to compel need only file the motion and draw the court's attention to the relief sought.[13] At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with

---

[8] The Court provided guidance with respect to Defendants' specific responses and objections to Plaintiffs' RFPs 6 and 11 (Armodafinil Litigation Materials), RFPs 17 and 18 (Regulatory and Agency Materials), and RFPs 27, 28, and Interrogatories 1 and 2 (Business Agreements and Side Deals). *See* Disc. Conf. Order (ECF No. 126). RFP 10 was not specifically discussed at the discovery conference but was one of the RFPs Plaintiffs argued contained an improper "conditional objection" that failed to state what discovery was being withheld. *See* Pls.' Position Statement (ECF No. 127-3) at 3.

[9] Although not raised by Defendants, the Court notes Plaintiffs describe their efforts to confer prior to filing their motion, including participating in telephone conferences and exchanging several written communications pertaining to the issues presented in this motion. Based on these reported efforts, the Court finds Plaintiffs sufficiently conferred in accordance with D. Kan. Rule 37.2 prior to filing their motion.

[10] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[11] Fed. R. Civ. P. 37(a)(3)(B)(iii).

[12] Fed. R. Civ. P. 37(a)(4).

[13] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

reference to affidavits and other evidence.[14]

### III. Relief Sought by Plaintiffs

As narrowed in their Amended Reply, Plaintiffs request the Court enter an order compelling Defendants to produce responsive documents to RFP 10 "in full (including documents concerning statements considered or drafted, but not ultimately made)," and overrule Defendants' conditional non-privilege general objections.[15]

#### A. RFP 10 - Public Statements Regarding Settlements

Plaintiffs' RFP 10 requests Defendants produce:

> All Documents relating to public statements regarding Teva's settlements of patent litigation related to the EpiPen, Nuvigil, or any other form of Armodafinil, *whether or not actually made*, including but not limited to drafts of such statements and/or Communications regarding such statements.[16]

Defendants asserted several objections to RFP 10, including an objection to the extent it purports to seek documents or information beyond the scope of Phase I Discovery. Defendants further object to this Request as overly broad and unduly burdensome to the extent that it calls for them to produce "all documents" and "drafts" of statements and/or communications. They further object to RFP 10 as overly vague and ambiguous to the extent it purports to seek documents relating to public statements "whether or not actually made." Defendants then responded:

> Subject to and without waiving the foregoing objections, Teva will produce responsive non-privileged public statements relevant to Phase I about Teva's settlements of patent litigation related to the EpiPen, Nuvigil, or any other form of Armodafinil, and internal non-privileged documents and communications about such public statements, that are in Teva's possession, custody, or control, and can

---

[14] *Id.*

[15] Pls.' Am. Reply (ECF No. 142) at 4.

[16] Defs.' RFP Resps. (ECF No. 127-1) at 10 (emphasis added).

be located through a reasonable, good-faith search and to the extent not already produced in the EpiPen MDL and/or KPH Litigation.[17]

In their response to Plaintiffs' motion, Defendants argue Plaintiffs' RFP 10 is "plainly overbroad" and should be limited to "public statements regarding Teva's 'various settlements' with Mylan, Pfizer, Apotex, Actavis, Lupin, Watson, and Sandoz," similar to the parties' agreed limitation for RFPs 1, 4, and 7–9.[18] With such limitation, Defendants state they would agree that documents concerning public statements, including non-privileged internal communications and drafts of those statements, are responsive to Phase I discovery and RFP 10.

Plaintiffs argue Defendants do not explain how RFP 10 is "plainly overbroad" or agree to produce similar documents for public statements "that were considered but never actually made." Plaintiffs thus request the Court order Defendants to produce all documents responsive to RFP 10, specifically including responsive documents that relate to all public statements, whether or not they were actually made. Plaintiffs argue the content of unreleased drafts of public statements could be very relevant to concealment by omission and avoids the potential for ambiguity over whether a heavily-edited statement transforms into a new or different statement, such that drafts are no longer considered relevant.

The last remaining dispute over RFP 10 thus boils down to whether Defendants should be compelled to produce responsive documents relating to public statements regarding Defendants' settlements of patent litigation that were drafted *but never actually released or made public*. Plaintiffs argue this discovery is relevant to their allegation of concealment by omission. The Court agrees. As set forth in the Phase I Scheduling Order, the scope of Phase I Timeliness/Limitations

---

[17] *Id.* at 21.

[18] Defs.' Resp. (ECF No. 137) at 9–10.

discovery includes the issues of tolling, equitable tolling, and fraudulent concealment. Here, the Court finds drafts of public statements that were never actually made would be relevant to Plaintiffs' equitable tolling and fraudulent concealment allegations. Specifically, the allegation Defendants concealed or withheld information about their patent litigation settlements in their public statements. This discovery is relevant to Defendants' knowledge and timing of the information initially included in drafts of public statements but later removed prior to release to the public. Defendants' objections that RFP 10 is vague and ambiguous, beyond the scope of Phase I Discovery, and overly broad and unduly burdensome are therefore overruled.

Plaintiffs' Motion to Compel with respect to RFP 10 is granted. Defendants shall serve a supplemental or amended response and produce documents responsive to Plaintiff's First RFP 10 in full, including documents concerning statements considered or drafted, but not ultimately made.

### B. Conditional Non-Privilege General Objections

Plaintiffs also request an order overruling what they characterize as Defendants' "conditional non-privilege general objections." They argue Defendants' responses are textbook examples of the uncertainty and ambiguity latent in conditional objections and their role in obstructing efficient and transparent discovery. In each instance, Defendants objected to the requests on multiple grounds, including being "beyond the scope of Phase I," before stating that "subject to" the objections, they would produce documents that were "relevant to Phase I."

Defendants deny their discovery responses are conditional objections, and assert that each response makes clear what documents, if any, they are producing in response to each specific discovery request. They assert their responses are equally specific in delineating by implication what they will *not* be producing in response to each request. However, if their responses and objections are found to contain conditional objections, Defendants assert the appropriate remedy is to serve supplemental responses and remove the conditional objections.

A conditional response or objection to a discovery request occurs when a party asserts objections but then provides a response "subject to" and/or "without waiving" the stated objections.[19] Such conditional objections make it impossible to discern what part or nature of the documents requested the responding party intends to produce or what it may be withholding based upon one of the many privileges or objections asserted.[20] In this district, such conditional objections often result in a finding that the responding party has waived its objections.[21] Objections to requests for production of documents may also run afoul of Fed. R. Civ. P. 34(b)(2)(C) if they fail to state whether any responsive materials are being withheld on the basis of the objections.[22]

The Court agrees with Plaintiffs that Defendants' RFP responses are not clear what responsive documents, if any, they are withholding (i.e., not producing) based on one or more of their stated objections. Contrary to Defendants' argument, the Court does not find it clear *by implication* whether Defendants are still withholding any responsive documents on the basis of one or more of their objections. However, rather than overrule Defendants' objections in this instance, the Court instead orders Defendants to serve supplemental responses to all RFPs to clarify whether they are still withholding responsive documents on the basis of an objection.[23] If

---

[19] *Consumer Fin. Prot. Bureau v. Carnes*, No. 23-CV-2151-DDC-TJJ, 2024 WL 1195565, at *3 (D. Kan. Mar. 20, 2024) (citations omitted).

[20] *Id.* (citing *Cadence Educ., LLC v. Vore*, No. 17-CV-2092-JTM-TJJ, 2018 WL 690993, at *3 (D. Kan. Feb. 2, 2018)).

[21] *City of Scranton, Kan. v. Streetscapes*, No. 18-CV-4035-HLT-TJJ, 2019 WL 1745419, at *2 (D. Kan. Apr. 18, 2019) (citing *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014)).

[22] *See* Fed. R. Civ. P. 34(b)(2)(C) (providing that an objection "must state whether any responsive materials are being withheld on the basis of that objection").

[23] The Court cautions counsel, if improper conditional objections are asserted in response to future discovery requests which become the subject of a motion to compel in this case, the Court will likely find the conditional objections waived in accordance with the authorities cited above.

responsive documents are still being withheld on the basis of an objection, the responses shall affirmatively so state and, if withheld on the basis of attorney-client privilege and/or work product, shall serve a privilege log listing all responsive documents withheld and including all information required by the ESI Protocol (ECF No. 100).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery Responses (ECF No. 127) is **granted in part and denied in part**.  **Within fourteen (14) days of the date of this Order**, Defendants shall serve a supplemental or amended response and produce documents responsive to Plaintiff's First RFP 10 in full, including documents concerning statements considered or drafted, but not ultimately made.

**IT IS FURTHER ORDERED** that **within fourteen (14) days of the date of this Order**, Defendants shall serve supplemental responses to all RFPs to clarify whether they are still withholding responsive documents on the basis of an objection.

**IT IS FURTHER ORDERED** that Defendants shall serve their privilege log(s), logging all documents withheld on the basis of attorney-client privilege and/or work product, within **thirty (30) days after the production ordered herein**.

IT IS SO ORDERED.

Dated February 11, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge