UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>    Defendants. | Case No. 22-cv-2501-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Enforce the Court's Memorandum and Order and Motion to Compel Complete Responses to Certain Interrogatories (ECF No. 168). As narrowed by their reply (ECF No. 173), Defendants request an order compelling Plaintiffs Burge, Hockett, Furlan, Ridey, Sawcuzk, and Anne Arundel County ("Anne Arundel") (collectively, "Plaintiffs") to serve amended responses to requests for production ("RFPs") 11–19. Defendants also request Anne Arundel be compelled to serve further responses identifying documents responsive to Interrogatories 3 and 8. As explained below, Defendants' motion is granted in part and denied in part.

**I.   Phase I Discovery Dispute Background**

On February 11, 2025, the Court entered a Memorandum and Order (ECF No. 153)

("M&O") granting in part and denying in part Defendants' motion to compel discovery from Plaintiffs Burge, Hockett, Furlan, and Anne Arundel.[1] Pertinent here, the Court overruled Plaintiffs' "document identification" work product objections to Defendants' RFPs 11–19 and ordered Plaintiffs to produce or identify by Bates Number(s) (or other identification method) all documents responsive to RFPs 11–19. The Court also ruled on the sufficiency of Plaintiffs' responses to Interrogatories 3–5, and 9.

On February 25, 2025, Plaintiffs served amended responses and objections to Defendants' RFPs and Interrogatories.[2] Anne Arundel also produced nineteen documents and Sawczuk produced seven documents. No other Plaintiff produced additional documents pursuant to the Court's Order. Defendants emailed Plaintiffs with a list of deficiencies on February 27, 2025.[3] Anne Arundel subsequently produced five slip sheets as placeholders for withheld documents on February 28, 2025, and thirty-six partially privileged documents or slip sheets indicating additional withheld documents on March 3, 2025.

The parties exchanged emails and conferred regarding their disputes.[4] Defendants timely

---

[1] The parties' briefing did not address and the Court's M&O did not rule on any discovery responses served by Plaintiffs Ridey and Sawczuk. *See* M&O (ECF No. 153) at 1 n.1 ("Defendants do not move to compel with respect to the two other plaintiffs, Ridey and Sawczuk, who were added as parties on November 5, 2024. . . . discovery responses were not served by these plaintiffs until December 5, 2024, after this motion was filed."). However, on December 16, 2024, Plaintiffs agreed with Defendants' proposal the Court's M&O ruling on Defendants' motion to compel would apply equally to the discovery responses served by Plaintiffs Ridey and Sawczuk. ECF Nos. 169 at 3; 169-9; 169-10. Defendants served the same interrogatories and RFPs on all Plaintiffs.

[2] See Pls.' Cert. of Service (ECF No. 157). Plaintiffs Burge, Furlan, and Hockett served their *second* amended interrogatory responses and *third* amended RFP responses. Plaintiff Anne Arundel served its *third* amended interrogatory and RFP responses. Plaintiffs Ridey and Sawczuk served their *first* amended interrogatory and RFP responses.

[3] Feb. 27, 2025 Email (ECF No. 169-8) at 10–11.

[4] Feb. 27 to Mar. 12, 2025 Emails (ECF No. 169-8).

2

filed the subject motion on March 18, 2025.[5]

On April 1, 2025, Plaintiffs served another set of amended responses to Defendants' RFPs and Interrogatories.[6] They also filed their response (ECF No. 171) stating Defendants' motion was moot and their discovery responses are sufficient. Defendants filed their reply (ECF No. 173) agreeing that most of their motion is now moot, with the exception of two narrow issues requiring Court resolution.

## II.     Discovery Disputes Remaining at Issue

Defendants agree Plaintiffs' amended discovery responses, served on April 1, 2025, cure some of the deficiencies raised in the motion, but not all. Defendants claim there are continued deficiencies with respect to Plaintiffs' amended responses to RFPs 11–19 and Anne Arundel's amended responses to Interrogatories 3 and 8. Defendants request the Court compel Plaintiffs to further amend their responses to RFPs 11–19 to "identify the specific documents they intend to rely on in response to each individual RFP, including all documents identifying how and when Plaintiffs became aware of those documents."[7]  Defendants request Anne Arundel be compelled to either identify documents or supplement its responses to Interrogatories 3 and 8.

### A.     Plaintiffs' Amended Responses to RFP 19

Defendants argue Plaintiffs' amended responses to RFP 19 are still deficient because they

---

[5] *See* Status Conf. Order (ECF No. 150) ¶ 2.a., d. (setting deadline as five weeks from the February 11, 2025 date the Court ruled on the parties' motions to compel discovery and waiving D. Kan. Rule 37.1(a) pre-motion conference requirement).

[6] Plaintiffs Burge, Furlan, and Hockett served their *fourth* amended RFP responses (ECF Nos. 171-3 to 171-5). Plaintiff Anne Arundel served its *fourth* amended RFP and interrogatory responses (ECF No. 171-2 and 171-8). Plaintiffs Ridey and Sawczuk served their *second* amended RFP responses (ECF No. 171-6 and 171-7).

[7] Defs.' Reply (ECF No. 173) at 4.

3

fail to identify *any* responsive documents.[8] RFP 19 requires Plaintiffs to produce documents they intend to rely upon concerning any "due diligence conducted by Plaintiffs, or on Plaintiffs' behalf, concerning the conduct in the First [or Second] Amended Complaint." Plaintiffs object and then state they "will produce responsive, non-privileged documents and communications in [their] possession, custody, or control that support any due diligence conducted by Plaintiffs, or on Plaintiffs' behalf, concerning the conduct alleged in the First [or Second] Amended Complaint."[9] Defendants continue to seek an order compelling Plaintiffs to identify the specific documents they intend to rely on in response to RFP 19.

As the Court stated in its February 11, 2025 M&O, Plaintiffs can either produce or identify by Bates Number(s) (or other identification method) all documents responsive to RFPs 11–19. This language was intended to address Plaintiffs' objections to re-producing documents responsive to RFPs they claimed Defendants already possessed. The Court ordered:

> Plaintiffs need not produce responsive documents again. Instead, if Plaintiffs believe Defendants already have responsive documents in their possession, Plaintiffs may alternatively opt to serve supplemental or amended responses to RFPs 11–19 that identify by Bates Number(s), or other identification method, all documents responsive to these RFPs.[10]

Plaintiffs therefore are not required to identify or list documents responsive to RFP 19; they can instead opt to produce responsive documents, if any. Defendants' request for an order compelling Plaintiffs to identify the specific documents they intend to rely on in response to RFP 19 is denied. However, if Plaintiffs have not already done so as they stated they would in their responses, they

---

[8] This deficiency was also raised by Defendants in their initial motion. Defs.' Mem. in Supp. (ECF No. 169) at 5.

[9] Pls.' Am. Resps. to RFPs (ECF Nos. 171-2 to 171-7).

[10] M&O (ECF No. 153) at 17.

4

shall immediately produce all non-privileged documents and communications in their possession, custody, or control responsive to RFP 19. As required by Fed. R. Civ. P. 34(b)(2)(E)(i), the responsive documents produced must be organized or labeled to correspond to the categories in the request.

### B. Plaintiffs' Amended Responses to RFPs 11–18

With regard to Plaintiffs' amended responses to RFPs 11–18, Defendants acknowledge Plaintiffs "have now identified responsive documents with sufficient specificity as required by the [Court's] Order."[11] However, Defendants set out a laundry list of complaints concerning the amended responses:[12] (1) All six Plaintiffs copied and pasted the same list of documents in their respective responses to all RFPs 11–18; (2) Plaintiffs cited various documents that have nothing to do with certain requests; (3) Plaintiffs cite documents that were publicly available at the time the EpiPen MDL complaint was filed and it is not credible for Plaintiffs to claim these documents are responsive; and (4) Plaintiffs failed to identify or produce any documents showing how or when Plaintiffs became aware of the cited documents.[13]

As Defendants acknowledge, Plaintiffs' amended responses to RFPs 11–18 do identify

---

[11] Defs.' Reply (ECF No. 173) at 2.

[12] Defendants raise these deficiencies regarding Plaintiffs' amended responses to RFPs 11–18 in their reply. Ordinarily the Court does not consider arguments raised for the first time in a reply and deems them waived. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("arguments raised for the first time in a reply brief are generally deemed waived."). But in this case Defendants could not have raised this argument in their initial motion to compel filed on March 18, 2025, because Plaintiffs did not serve their amended responses to RFPs 11–18 until April 1, 2025, two weeks after Defendants filed the instant motion. Because the Court is denying Defendants' request for relief with respect to these RFPs, there is no need to give Plaintiffs an opportunity to file a sur-reply responding to Defendants' arguments. *See Lenexa 95 Partners, LLC v. Kin, Inc.*, No. 20-02367-JWB, 2022 WL 11747205, at *1 (D. Kan. Oct. 20, 2022) (If the court considers new arguments raised for the first time in a reply, "it should give the nonmoving party an opportunity to respond.").

[13] *Id.* at 3–4.

responsive documents with sufficient specificity. They identify documents by ECF number in the EpiPen MDL, description (e.g., Bresch Deposition), or Bates Numbers. The Court will not require Plaintiffs to further amend or supplement their responses. Defendants' complaints basically boil down to the fact that they do not like Plaintiffs' responses. That does not mean they are inadequate or improper. To the extent, for example, Defendants contend the documents do not support Plaintiffs' fraudulent concealment argument for failure to show how or when Plaintiffs became aware of the documents, Defendants will have the ability to conduct discovery regarding those documents. If the documents produced by Plaintiffs do not support their fraudulent concealment contentions, Defendants undoubtedly will make that argument at the appropriate time. To be sure, Plaintiffs will be bound by their responses to the RFPs. To the extent Defendants would like each Plaintiff to respond separately or individually to RFPs 11–18 and tailor their individual responses accordingly to each RFP, Defendants have obviously already reviewed and sorted through the responsive documents. Defendants offer no persuasive rationale for requiring Plaintiffs to further amend or supplement their responses to RFPs 11–18 to provide the requested individualized information.

      **C.**    **Anne Arundel's Fourth Amended Responses to Interrogatories 3 and 8**

Defendants also acknowledge Anne Arundel's fourth amended interrogatory responses resolve some of the deficiencies originally noted in their motion, but argue that two interrogatory responses remain deficient. They assert that despite Anne Arundel's earlier representation that "additional information" responsive to Interrogatories 3 and 8 exists in documents, the supplemental responses fail to identify such information, either in the narrative or by document reference.

The Court has previously ruled on Anne Arundel's response to Interrogatory 3 (inquiring

about actions taken to investigate or pursue claims), finding the response to be sufficient and denying Defendants' motion to compel Anne Arundel to supplement its answer.[14] Defendants' motion to compel with respect to Anne Arundel's fourth amended response to Interrogatory 3 is therefore denied.

With respect to Anne Arundel's response to Interrogatory 8, Defendants did not move to compel as to this specific interrogatory response in their prior motion to compel discovery.[15] Defendants did include a brief request to compel Plaintiffs to identify documents "pursuant to Rule 33(d)" for Interrogatory 8, without any discussion or argument, in the last paragraph of their memorandum in support of their prior motion.[16] In the present motion, Defendants again request an order to compel Anne Arundel to identify documents that are responsive to Interrogatory 8. The Court denies the request. Defendants failed to support their prior request to compel Plaintiffs to identify documents responsive to Interrogatory 8 and Defendants are not entitled to a second chance to support that argument. In any event, Anne Arundel has clarified that its interrogatory response to Interrogatory 8 is "complete without reference to documents,"[17] and its fourth amended response no longer contains the prior reference to Rule 33(d).[18] Defendants' motion to compel with respect to Anne Arundel's fourth amended response to Interrogatory 8 is denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Enforce the Court's

---

[14] Feb. 11, 2025 M&O (ECF No. 153) at 21–22.

[15] *See* Defs.' Nov. 6, 2024 Mem. in Supp. of Mot. (ECF No. 133) at 9–11 (moving to compel as to Anne Arundel's amended responses to Interrogatories 3–6 and 9).

[16] *Id.* at 11.

[17] Pls.' Resp. (ECF No. 171) at 8.

[18] Compare Anne Arundel's *amended* response to Interrogatory 8 (ECF No. 133-5 at 20–22), served on Nov. 4, 2024, to its *fourth amended* response (ECF No. 171-8 at 36–38) served on Apr. 1, 2025.

Memorandum and Order and Motion to Compel Complete Responses to Certain Interrogatories (ECF No. 168) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel with respect to **RFP 19** is **granted in part**. If Plaintiffs have not already done so as they stated they would in their responses, they shall immediately produce non-privileged documents and communications in their possession, custody, or control responsive to **RFP 19**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel with respect to **RFPs 11–18** is **denied**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel with respect to Anne Arundel's fourth amended response to **Interrogatories 3 and 8** is **denied**.

**IT IS FURTHER ORDERED** that all production and amended responses ordered herein shall be served **within fourteen (14) days of the date of this Order**.

IT IS SO ORDERED.

Dated May 30, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge