UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>Defendants. | Case No. 22-cv-2501-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Reconsider in Part (ECF No. 234). Plaintiffs request the Court reconsider two parts of its July 31, 2025 Memorandum and Order (ECF No. 226) ("Privilege M&O") granting in part and denying in part Plaintiffs' Motion to Compel Regarding Teva Defendants' Privilege Log (ECF No. 177). Plaintiffs ask the Court to reconsider its exclusion of documents about the negotiation of the alleged trade-for-delay scheme from its *in camera* review based on a clear error of law and a misapprehension of the parties' positions. Plaintiffs also ask for reconsideration of the inadvertent exclusion of one document (Priv Log ID

1859)[1] from the list of documents Defendants were ordered to produce for *in camera* review. Defendants did not file any response opposing the motion. As explained below, Plaintiffs' motion is granted.

**I.      Summary of Privilege M&O Ruling to Be Reconsidered**

Pertinent here, the Court's Privilege M&O addressed Plaintiffs' argument Defendants should be compelled to produce partially redacted emails under the crime-fraud exception to attorney-client privilege.[2] The Court found Plaintiffs failed to show that the alleged statutory antitrust violations qualify as a crime or fraud as required to invoke the crime-fraud exception, but "fraudulent concealment and deceitful conduct by Defendants preventing Plaintiffs from asserting their claims in a timely fashion" could constitute an eligible "fraud" to invoke the crime-fraud exception to attorney-client privilege.[3]

The Court further found Plaintiffs met their burden to justify an *in camera* review for the challenged "Crime-Fraud" privilege log entries, but just for two categories of documents:

> Emails regarding public statements concerning the EpiPen and/or Nuvigil patent litigation settlements, and
>
> Emails regarding communication with the [Federal Trade Commission ("FTC")] concerning the settlements.[4]

The Court, however, excluded from the *in camera* review "emails regarding negotiation of the EpiPen patent litigation settlement with Mylan and Pfizer and the Nuvigil patent litigation

---

[1] All "Priv Log ID" numbers used by Defendants are referenced herein by their ending digits rather than the full "TEVA_NUVI_PRIV" number.

[2] Privilege M&O (ECF No. 226) at 12–23. The nature of the case and discovery dispute background of this case are set forth in more detail in the Privilege M&O. *Id.* at 2–4.

[3] *Id.* at 17–18.

[4] *Id.* at 22–23.

settlement with Mylan." The Court found this category of emails "relate[d] to" Defendants' alleged antitrust violations, which the Court had concluded were not entitled to an *in camera* review. The Court also found it necessary and appropriate to conduct an *in camera* review of the same documents to determine whether the purpose of each of the communications was predominantly business advice.[5]

Defendants were directed to submit the identified documents to chambers for an *in camera* review to determine whether they should be disclosed under the crime-fraud exception and/or whether the predominant purpose of each of the communications was for business and not legal advice.[6] Defendants provided the documents to chambers on August 14, 2025. The Court has not yet completed its *in camera* review of the documents submitted.

## II.    Legal Standard for Reconsideration

District of Kansas Rule 7.3 requires a motion seeking reconsideration of a court order be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[7] Rule 7.3 applies to "all motions in civil cases, including motions and objections relating to discovery."[8] A motion for reconsideration is appropriate where the court has "misapprehended the facts, a party's position, or the controlling law," but such motion is not appropriate "to revisit issues already addressed or

---

[5] *Id.* at 24–25.

[6] Defendants were ordered to provide for *in camera* review the following documents (identified in the order they appeared) on the "Crime-Fraud" privilege log (ECF No. 177-3): Priv Log IDs 362, 302, 307, 319, 320, 479, 562, 563, 649, 823, 824, 825, 828, 1413, 1432, 2345, 2354, 845, 1122, 1414, 62, 64, 2068, 2085, 2842, 1707, 1146, 1147, 1148, 1149, 1708, 1156, 1710, and 1174. The parties advised they resolved their dispute regarding Priv Log ID 323 and it was not produced.

[7] The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

[8] D. Kan. Rule 7.4.

3

advance arguments that could have been raised in prior briefing."[9] Whether to grant or deny reconsideration lies within the court's sound discretion.[10] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[11]

**III.     Exclusion of Emails Regarding Negotiation of the Alleged Trade-for-Delay Scheme**

Plaintiffs request the Court reconsider its exclusion of Defendants' emails about the negotiation of the alleged trade-for-delay scheme from its *in camera* review, based on its erroneous conclusion the emails are only relevant to the antitrust violations and irrelevant for Plaintiffs' fraudulent concealment arguments. Plaintiffs argue two reasons justify their request: (1) separating fraudulent concealment from the underlying antitrust violation is clear error of the applicable law; and (2) neither Plaintiffs nor Defendants ever suggested such a division in the privilege log entries and doing so thus misapprehends the parties' positions.

First, Plaintiffs argue the Court's conclusion that Defendants' conduct in the underlying antitrust violation cannot be relevant to fraudulent concealment was a clear error regarding the standards applicable to fraudulent concealment. They cite the *In re Urethane Antitrust Litigation* opinions in support of their arguments that both the underlying conspiracy and subsequent actions are "acts of secrecy" for fraudulent concealment purposes, and *how* an antitrust conspirator engages in the conspiracy is relevant to showing that the conspirator used fraudulent means to conceal the antitrust conspiracy.[12]

---

[9] *Servants of the Paraclete*, 204 F.3d at 1012.

[10] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[11] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[12] Mot. (ECF No. 234) at 5–7 (citing *In re Urethane Antitrust Litig.*, 235 F.R.D. 507, 519 (D. Kan. 2006) ("*Urethane* I") and *In re Urethane Antitrust Litig.*, 913 F. Supp. 2d 1145, 1159 (D. Kan. 2012) ("*Urethane* II")).

Second, Plaintiffs argue the Court misconstrued Plaintiffs' position and Defendants' opposition. In identifying the challenged privilege log entries, Plaintiffs state they never contended that only some of the entries were relevant to fraudulent concealment with others only applying to the alleged antitrust violation. Additionally, Plaintiffs state Defendants did not argue the distinction ultimately made by the Court, did not urge the Court to adopt the separate-and-apart standard, and did not make any conditional argument that some of the challenged privilege log entries only went to an antitrust violation and not fraudulent concealment.

The Court acknowledges that it misapprehended Plaintiffs' position when it excluded the emails regarding the negotiation of the alleged trade-for-delay scheme from its *in camera* review. The exclusion was based upon the misapprehension Plaintiffs selected the challenged "Crime-Fraud" privilege log entries because they corresponded to either antitrust violations *or* fraudulent concealment, but not both. Plaintiffs have now clarified their position that emails about the conduct of the antitrust conspiracy, i.e., negotiation of the alleged trade-for-delay scheme, are also relevant to fraudulent concealment and they should be included in the Court's *in camera* review for fraudulent concealment. After a review of the *In re Urethane Antitrust Litigation* opinions cited by Plaintiffs with attention to the issue raised by Plaintiffs,[13] the Court finds the excluded emails regarding the negotiation of the alleged trade-for-delay scheme could be relevant to whether "fraudulent concealment and deceitful conduct by Defendants prevent[ed] Plaintiffs from asserting their claims in a timely fashion" so as to trigger the crime-fraud exception to attorney-client

---

[13] Those cases discuss the intermediate test as the applicable standard for determining whether antitrust plaintiffs have satisfied the first element to toll the statute of limitations based on fraudulent concealment. *Urethane I*, 235 F.R.D. at 518–19; *Urethane II*, 913 F. Supp. 2d at 1159–60. "[U]nder the intermediate standard, a plaintiff must prove that the defendants affirmatively acted to conceal their antitrust violations, but the plaintiff's proof may include acts of concealment involved in the alleged antitrust violation itself." *Urethane I*, 235 F.R.D. at 518 (quoting *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995)).

privilege, such that they should also be reviewed *in camera*. The Court also notes Defendants did not file a response to Plaintiffs' motion for partial reconsideration and therefore have not disputed Plaintiffs' argument that the Court misconstrued Defendants' opposition. Most notably, it is undisputed that Defendants did not make a conditional argument that some privilege log entries only went to the alleged antitrust violations and not to fraudulent concealment.

The Court therefore grants Plaintiffs' motion for partial reconsideration of its Privilege M&O to the extent it excluded from its *in camera* review the category of documents identified on the "Crime-Fraud" privilege log as "regarding negotiation of the EpiPen patent litigation settlement with Mylan and Pfizer and the Nuvigil patent litigation settlement with Mylan." Defendants shall provide these additional eleven documents to chambers for *in camera* review. They are identified (in the order they appear) on the "Crime-Fraud" privilege log (ECF No. 177-3) with Priv Log IDs: 3567, 412, 413, 3615, 103, 3081, 77, 78, 561, 3561, and 2384.

## IV.  Exclusion of Priv Log ID 1859

Plaintiffs also ask the Court to reconsider the exclusion of Priv Log ID 1859 from the list of documents Defendants must produce *in camera*. This entry concerns an email regarding communications with the FTC about the settlements. Because this entry falls into one of the two categories that the Court found necessitated *in camera* review, Plaintiffs believe it was an inadvertent oversight to omit this entry from the Order.

Plaintiffs are correct. Priv Log ID 1859 (TEVA_NUVI-00014515) is described as:

> Email chain between in-house and outside counsels requesting and providing legal advice regarding communications with the FTC concerning the Modafinil agreement with Mylan and negotiating the Provigil settlement with Mylan.[14]

It therefore falls within the category of emails "regarding communications with the FTC

---

[14] "Crime-Fraud" privilege log (ECF No. 177-3) at 12.

concerning the settlements." It should have been included in the list of documents to be produced for an *in camera* review but was inadvertently omitted from the Court's order. Defendants shall provide this document to chambers for *in camera* review.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider in Part (ECF No. 234) is **granted**. **Within seven (7) days of this Order**, Defendants shall submit to chambers for *in camera* review documents identified (in the order they appear) on the "Crime-Fraud" privilege log (ECF No. 177-3) with Priv Log IDs: 3567, 412, 413, 3615, 103, 3081, 77, 78, 561, 3561, 1859, and 2384.

IT IS SO ORDERED.

Dated September 8, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge