UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>    Defendants. | Case No. 22-cv-2501-DDC-TJJ |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendants' Motion for Protective Order Related to Plaintiffs' Rule 30(b)(6) Notice to Defendants (ECF No. 220). Defendants request a protective order under Fed. R. Civ. P. 26(c) on Topics 1–15 of Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendants on the grounds these topics are outside the scope of Phase I discovery. As explained below, Defendants' motion is granted in part and denied in part.

**I.    Background**[1]

Plaintiffs—representing a proposed class—allege Defendants and their co-conspirators

---

[1] The background of this case is set forth in more detail in the Court's July 31, 2025 Memorandum and Order (ECF No. 226).

entered an unlawful reverse payment settlement and conspired to safeguard their monopoly on Nuvigil, a wakefulness drug with the generic name armodafinil. Plaintiffs allege Defendants agreed to stay out of the EpiPen market, allowing Mylan and Pfizer to maintain their EpiPen monopoly. In exchange, Plaintiffs contend, Mylan and Pfizer agreed to stay out of the Nuvigil market, allowing Defendants to maintain their Nuvigil monopoly. Plaintiffs refer to this as the "trade-for-delay" agreement or scheme.

Since June 2024, this case has been bifurcated in Phase I to discovery focused on the pivotal issues of the timeliness of Plaintiffs' claims under the applicable statutes of limitations and the related issues of tolling and fraudulent concealment.[2]

Pertinent to this motion, Plaintiffs served their Notice of Rule 30(b)(6) Deposition of Defendants ("Rule 30(b)(6) Notice") on June 6, 2025 (ECF No. 221-1). It set out 28 topics grouped into the following four categories:

(a) The Alleged Trade for Delay Agreement (Topics 1–11);

(b) Implementation of the Trade for Delay Scheme (Topics 12–15);

(c) Concealment or Non-Disclosure of the Trade for Delay Scheme (Topics 16–19); and

(d) Disclosure and Public Awareness of the Alleged Scheme (Topics 20–28).[3]

On July 1, 2025, the Court held a pre-motion discovery conference and set a July 18, 2025 deadline for Defendants to file any motion for protective order regarding Plaintiffs' Rule 30(b)(6)

---

[2] *See* June 14, 2024 Order Regarding Phase I Disc. (ECF No. 88) and July 15, 2024 Phase I Sch. Order (ECF No. 92) at 2.

[3] Rule 30(b)(6) Notice (ECF No. 221-1) at 9–11.

Notice.[4] Defendants timely filed their motion for a protective order forbidding Plaintiffs from inquiring about Topics 1–15 (the "Challenged Topics").[5] The motion is fully briefed and the Court is ready to rule.

## II. Legal Standards

Federal Rule of Civil Procedure 30(b)(6) allows a party to depose a corporate party by noticing the deposition of the corporation's representative as to certain designated topics. Pursuant to that Rule, the notice must "describe with reasonable particularity the matters for examination."[6] The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf.[7] The person(s) designated must testify about information known or reasonably available to the corporate party.[8]

A party served with a Rule 30(b)(6) notice may move for a protective order under Fed. R. Civ. P. 26(c), including one "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[9] The party seeking a protective order bears the burden of showing good cause for the protection sought.[10] "Rule 26(c) confers broad discretion on the

---

[4] July 1, 2025 Disc. Conf. Order (ECF No. 212).

[5] Defendants are not challenging Topics 16–28. Defts.' Mem. in Supp. (ECF No. 221) at 2, 4.

[6] Fed. R. Civ. P. 30(b)(6).

[7] *Id.*

[8] *Id.*

[9] Fed. R. Civ. P. 26(c)(1)(D). *See also Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-4007-DDC, 2023 WL 2269780, at *2 (D. Kan. Feb. 28, 2023) ("A party noticed under Fed. R. Civ. P. 30(b)(6) cannot avoid its obligation to produce a witness on a topic designated in the notice of deposition by objecting to it. Instead, when the responding party claims the notice improperly designates topics for testimony, requesting a protective order represents a proper method of response.").

[10] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

trial court to decide when a protective order is appropriate and what degree of protection is required."[11] The court's broad discretion can be utilized to "specifically define and/or narrow the disclosure or discovery, including the terms, timing, and method of discovery."[12]

Topics or areas of inquiry in a Rule 30(b)(6) notice are constrained by the general scope and limits of discovery set out in Fed. R. Civ. P. 26(b).[13] Under that Rule, the scope of discovery is generally limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[14]

### III. Defendants' Objections Topics 1–15 are Outside the Scope of Phase I Discovery

Defendants have the burden to show good cause for the requested protective order forbidding inquiry into Topics 1–15. Defendants assert good cause exists for a protective order on Topics 1–15 because they are expansive and improper discovery on the "merits" of Plaintiffs' antitrust claims and therefore outside the scope of Phase I discovery. Defendants argue the Challenged Topics improperly seek to probe the existence and scope of the alleged trade-for-delay agreement, which is "a plain merits issue that is outside of Phase I." Plaintiffs disagree and argue Topics 1–15 are essential for Phase I discovery because they go to the heart of Plaintiffs' tolling and fraudulent concealment arguments by seeking Rule 30(b)(6) witness testimony on whether Defendants fraudulently concealed the trade-for-delay agreement.

As the parties note, Phase I discovery has been specifically limited by the parties'

---

[11] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[12] *Orchestrate HR,* 2023 WL 2269780, at *1.

[13] *Arenas v. Unified Sch. Dist. No. 223*, No. 15-CV-9359-JWL-TJJ, 2016 WL 6071802, at *4 (D. Kan. Oct. 17, 2016).

[14] Fed. R. Civ. P. 26(b)(1).

4

agreement and this Court's Phase I Scheduling Order to: (1) the timeliness of Plaintiffs' claims under the applicable statutes of limitations; (2) any related statute-of-limitations issues, facts, and circumstances, including Defendants' statute of limitations defense or defenses (and the elements thereof); and (3) the issues of tolling, equitable tolling, and fraudulent concealment (and the elements thereof).[15] Defendants' present motion requires the Court determine whether the 15 Challenged Topics are within the scope of Phase I discovery.

For more than a year, Phase I discovery has been limited to the pivotal issue of the timeliness of Plaintiffs' claims. One of those timeliness issues is whether the statute of limitations was tolled by Defendants' fraudulent concealment thus preventing Plaintiffs from asserting their claims in a timely fashion. For Plaintiffs to avail themselves of the tolling powers of the doctrine of fraudulent concealment they must show the following elements: (1) the use of fraudulent means by Defendants; (2) successful concealment from Plaintiffs; and (3) that Plaintiffs did not know or by the exercise of due diligence could not have known that they might have had a cause of action.[16] Discovery on each of these elements would fall within the scope of Phase I discovery.

In the context presented here, the parties' dispute essentially boils down to what discovery should be allowed on the first element, i.e., Defendants' alleged use of fraudulent means to conceal its activities. Defendants argue discovery should only include what actions or inactions they allegedly took to conceal the terms of the alleged trade-for-delay agreement. In contrast, Plaintiffs urge a broader scope that includes discovery about the underlying trade-for-delay agreement itself

---

[15] Phase I Sch. Order (ECF No. 92) at 2.

[16] *Edgar v. Teva Pharm. Indus., Ltd.*, No. 22-2501-DDC-TJJ, 2024 WL 1282436, at *14 (D. Kan. Mar. 26, 2024), motion to certify appeal denied sub nom. *Burge v. Teva Pharms. Indus., Ltd.*, 2024 WL 4692050 (D. Kan. Nov. 6, 2024) (citing *In re Urethane Antirust Litig.*, 913 F. Supp. 2d 1145, 1158 (D. Kan. 2012)).

and not just limited to subsequent concealment activities. Both argue different interpretations of *In re Urethane Antitrust Litigation*[17] support their respective positions.

However, the Court determines that it need not consider or address *In re Urethane Antitrust Litigation*[18] to decide this motion for protective order. Instead, in its discretion, taking into account the facts and issues in this case, the Court must make a judgment call regarding whether each of the Challenged Topics is relevant and proportional to the needs of the issues in Phase I of this case. It is, of course, well-recognized that in bifurcated cases, including this one, the line between Phase I and Phase II discovery is not a bright line. Instead, Phase I discovery will sometimes bleed into or overlap Phase II discovery. That should not preclude proper Phase I discovery, but it also should not open the floodgates into Phase II discovery.

## IV.     Challenged Topics <u>Within</u> the Scope of Phase I Discovery

Taking all of the above into account, in its discretion, the Court finds the following Challenged Topics are proper for Phase I discovery in this case:

**Topic 1 (Origin of the alleged trade-for-delay agreement);**

**Topics 2, 9 and 11 (Identification of individuals involved in trade-for delay discussions and decisions and negotiation of patent settlements);** and

**Topics 3, 5, and 6 (Communications and details related to the discussion and coordination of the trade-for-delay agreement).**

The origin or conception of the trade-for-delay agreement, as sought by Topic 1, is appropriate as Phase I discovery in that such inquiry may reveal acts of secrecy or concealment involved with the trade-for-delay agreement itself from its inception. How the trade-for-delay agreement was originally negotiated may have played a role in its concealment and is therefore

---

[17] 913 F. Supp. 2d 1145 (D. Kan. 2012).

[18] *Id*.

relevant to the first element with respect to the issue of tolling of the statute of limitations based upon the fraudulent concealment doctrine.

Topics 2, 9, and 11 are also within the scope of Phase I discovery. Although they inquire into the identity and roles of individuals involved in the early trade-for-delay discussions and negotiation of the Nuvigil and Epi-Pen-related patent settlements, inquiry into these topics may reveal the identities of individuals participating in acts of secrecy or concealment as part of the trade-for-delay agreement and settlements themselves. This may reveal overlap of key players involved in the alleged concealment activities. In addition, the Topics may reveal whether the trade-for-delay agreement and settlements were negotiated through a limited number of employees, who conducted the negotiations outside the normal course of business, which would be relevant to whether Defendants' alleged concealment of the trade-for-delay agreement was fraudulent.

Topics 3, 5, and 6 are also within the scope of Phase I discovery. They inquire regarding the "timing, location, and means of communication" by which the trade-for-delay agreement was discussed and/or developed internally and communications relating to the potential and/or actual coordination between the swapped settlements. The requested information is pertinent to when, where, and how the trade-for-delay agreement was discussed, all of which could suggest intent to fraudulently conceal it. Defendants' objections to Topics 1–3, 5–6, 9 and 11 are overruled, and the request for protective order as to them is <u>denied</u>.

V.  **Challenged Topics <u>Outside</u> the Scope of Phase I Discovery**

Conversely, the Court finds the following Challenged Topics relate exclusively to Phase II discovery in this case:

**Topics 4, 7, 8, and 10 (Economic analyses and modeling);** and

**Topics 12–15 (Implementation of the trade-for-delay agreement).**

The analyses, projections, and financial information sought by Topics 4, 7, 8 and 10 concern the estimated value of the trade-for-delay agreement and likelihood of success on the underlying patent litigation. This information is not facially relevant to any alleged concealment of the trade-for-delay agreement or any other timeliness issue. Instead, these topics all go to Plaintiffs' ultimate antitrust argument that the EpiPen and Nuvigil settlements were an anticompetitive "large and unjustified" reverse payment. None are germane to Defendants' alleged conduct to conceal the terms of the alleged anticompetitive settlement.

Topics 12–15 are also not within the scope of Phase I discovery. They broadly inquire about the implementation of the trade-for-delay agreement without any meaningful limitation tailoring them to discovery of acts of secrecy or concealment made during the implementation of the trade-for-delay agreement itself. Defendants' objections to Topics 4, 7, 8, 10, and 12–15 are sustained, and the request for protective order as to them is <u>granted</u>.

VI.  **Defendants' Unduly Burdensome Objections**

Defendants also claim that preparing Rule 30(b)(6) witnesses to testify on these topics would be unduly burdensome. They argue allowing the Challenged Topics to go forward would not only upend the bifurcated discovery in this case, but would also impose "substantial costs and inefficiencies" on Defendants, months after the completion of document productions. Plaintiffs argue that Defendants exaggerate and fail to support the alleged burden imposed upon them by preparing witnesses on these fifteen topics.

The Court finds Defendants have not supported their objection that preparing witnesses to testify on the Challenged Topics, now narrowed to Topics 1–3, 5–6, 9, and 11, would be unduly burdensome. As Defendants acknowledge, the documents at issue relative to these allowed Rule 30(b)(6) topics have already been produced. Defendants have had time before now to contemplate and choose the appropriate corporate representatives for deposition. Defendants' unduly burdensome objections are therefore overruled.

**VII.     Temporal Scope Limitation on Topics**

Defendants also request, if a protective order is not entered as to each Challenged Topic, the Court order that the start date for the Rule 30(b)(6) deposition testimony is January 1, 2012. Plaintiffs state in their response they have agreed to limit the temporal scope of their Notice so that the Rule 30(b)(6) witnesses need not be prepared to testify about events before January 1, 2012, but then state the Court "should not limit future discovery if new evidence shows that the pay-for-delay scheme started sooner."[19] In their reply, Defendants request that the Court order the start date for the Rule 30(b)(6) testimony is January 1, 2012 "without reservation or exception."[20]

In short, the parties indicate they have agreed Defendants' Rule 30(b)(6) witnesses need not be prepared to testify regarding events before January 1, 2012, but they disagree over Plaintiffs' requested reservation or exception to that temporal limitation. The Court is not persuaded that an earlier start date as suggested by Plaintiffs is warranted at this time. Therefore, the Court adopts and will enforce the January 1, 2012 temporal scope limitation on the depositions of Defendants' Rule 30(b)(6) witnesses. The Court finds Plaintiffs' requested reservation or exception premature and denies that request. The request is based on speculation of perceived future discovery disputes

---

[19] Resp. (ECF No. 228) at 10.

[20] Reply (ECF No. 231) at 4.

9

not before the Court at this time.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order Related to Plaintiffs' Rule 30(b)(6) Notice to Defendants (ECF No. 220) is **granted in part and denied in part**. Defendants' motion is <u>granted</u> as to Topics 4, 7, 8, 10, and 12–15. The motion is <u>denied</u> as to Topics 1–3, 5–6, 9, and 11.

IT IS SO ORDERED.

Dated October 31, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge