UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC., <br><br> Defendants. | Case No. 22-cv-2501-DDC-TJJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Compel Consumer Plaintiffs' Deposition Testimony (ECF No. 273). Defendants request an order compelling Plaintiffs Burge, Hockett, Furlan, Ridey, and Sawczuk (the "Consumer Plaintiffs")[1] to answer deposition questions inquiring into "how" and "from whom" they learned facts they relied upon to bring their claims, in anticipation of privilege objections to those questions. Plaintiffs filed their Brief Regarding Anticipated Deposition Objections (ECF No. 274). As explained below, Defendants' motion is granted.

---

[1] Plaintiff Anne Arundel County joins in the Consumer Plaintiffs' Brief. It also raised the same issue in its Motion for a Protective Order Related to Teva's Rule 30(b)(6) Notice (ECF No. 271).

I.      **Brief Background of the Phase I Discovery Dispute**[2]

Defendants intend to depose each of the Consumer Plaintiffs and ask the following questions: (1) "What specific facts did you learn concerning your potential claims in this Action?" (2) "When did you first learn those facts?" (3) "How did you learn those facts?" and (4) "From whom did you learn those facts?" The Consumer Plaintiffs do not dispute Defendants may ask what facts the Consumer Plaintiffs learned or when they learned them, but intend to assert privilege objections to these "how" and "from whom" questions if the facts came from their counsel.

On December 16, 2025, the Court held a discovery conference at the request of Defendants regarding the anticipated privilege objections during the Consumer Plaintiffs' depositions.[3] After reviewing the parties' submissions and hearing arguments from counsel, the Court concluded it could not provide meaningful guidance on the parties' dispute based on the parties' brief submissions and ordered the parties to confer and provide their proposal for briefing the dispute.

Defendants filed their motion and Plaintiffs filed their brief regarding anticipated deposition objections simultaneously on December 23, 2025. Defendants request the Court instruct the Consumer Plaintiffs to answer deposition questions regarding the source of their factual knowledge over any privilege objections. The Consumer Plaintiffs request the Court prohibit Defendants from probing attorney-client communications, including identifying counsel as the source of information.

---

[2] The background of this case is set forth in more detail in the Court's other Phase I discovery rulings (ECF Nos. 152, 153, 181, 202, 226). This case is currently bifurcated in Phase I to discovery focused on the pivotal issues of the timeliness of Plaintiffs' claims under the applicable statutes of limitations and the related issues of tolling and fraudulent concealment. *See* July 15, 2024 Phase I Sch. Order (ECF No. 92) at 2. The deadline for completion of Phase I depositions is January 16, 2026. Third Am. Phase I Sch. Order (ECF No. 216).

[3] Dec. 16, 2025 Discovery Conf. Order (ECF No. 270).

## II.     Summary of the Parties' Arguments

Defendants argue the Court should reject Plaintiffs' privilege argument because questions inquiring "how" and "from whom" they learned facts they relied upon to bring their claims do not implicate attorney-client privilege or call for privileged communications. Defendants argue they are not seeking communications of facts from the Consumer Plaintiffs to their lawyers for the purpose of obtaining legal advice, but rather only seeking the source of the facts that the Consumer Plaintiffs relied on to bring their claims, i.e., who provided the Consumer Plaintiffs with those facts and how each Consumer Plaintiff obtained those facts. Defendants contend answers to these questions are critical to determining when and how the facts underlying Plaintiffs' claims were discoverable through due diligence and Plaintiffs' actual, constructive, or inquiry notice of their claims. Defendants contend these are not privileged inquiries, arguing statements by an attorney to his client reporting information obtained from public sources or elsewhere are not covered by the attorney-client privilege.

Plaintiffs argue Defendants ask this Court to authorize an extraordinary intrusion into the attorney-client privilege. Through deposition questions framed as "how" or "from whom" Plaintiffs learned facts relevant to their claims, Plaintiffs argue Defendants seek to compel Plaintiffs to disclose attorney-client communications—by forcing them to identify counsel as the source of information or to reveal what counsel conveyed. Plaintiffs contend that result would invert one of the most settled principles of American law. They argue the law draws a clear line—parties may discover facts and timing but they may not compel disclosure of attorney-client communications. According to Plaintiffs, identifying counsel as the source of information discloses far more than a historical fact. It would reveal that legal advice was sought, the subject matter of that advice, and the substance of what counsel conveyed.

3

### III. Legal Standards

The attorney-client privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor."[4] The privilege also protects advice given by the lawyer in the course of representing the client.[5] The privilege covers communications from client to attorney and from attorney to client, "at least those attorney to client communications which would have a tendency to reveal the confidences of the client."[6] The Tenth Circuit has made clear that not all communications from an attorney are privileged; rather the inquiry is directed toward the content of the communication, considering whether that content included legal advice or tended to reveal confidences of the client, or included instead merely facts from other sources.[7] Information is not privileged simply because it comes from an attorney.[8] When an attorney is merely acting as a conduit for non-confidential information, the client may not invoke the attorney-client privilege.[9]

The party asserting the privilege bears the burden of establishing its applicability.[10]

---

[4] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D. Kan. 2009) (citation omitted).

[5] *Id*. (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)).

[6] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010).

[7] *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, No. 11-2684-JWL, 2014 WL 5581274, at *3 (D. Kan. Oct. 31, 2014) (citing *Grand Jury Proceedings*, 616 F.3d at 1182–83).

[8] *In re Grand Jury Subpoena to Kan. City Bd. of Pub. Utilities*, 246 F.R.D. 673, 679 (D. Kan. 2007).

[9] *See Grand Jury Proceedings,* 616 F.3d at 1182–84 (holding the client could not invoke the attorney-client privilege to questions requesting only "conduit" non-confidential information—where a "third party's statement was passed along by the attorney to the client" if answering did not require the attorney directly or indirectly to reveal the substance of any legal confidence).

[10] *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995).

Moreover, a party must make a "clear showing" that the privilege applies.[11] The existence of the privilege is determined on a case-by-case basis.[12]

Under Fed. R. Civ. P. 30(c)(2), a deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  The District of Kansas Deposition Guidelines likewise allow counsel to direct or request that a deponent not answer a question in limited circumstances:

> (1) counsel has objected to the question on the ground that the answer is protected by privilege, work product immunity, or a limitation on evidence directed by the Court; or (2) the direction not to answer is necessary to allow a party or deponent to present a Fed. R. Civ. P. 30(d) motion to the Court.[13]

However, the Guidelines further provide when privilege or work product immunity is asserted, "the witness is nevertheless required to answer questions relevant to the existence, extent, or waiver of the privilege/immunity, such as the date of a communication, who made it, to whom it has been disclosed, and its general subject matter."[14]

IV.     **Whether the Deposition Questions Implicate or Call For Privileged Communications**

The Court finds that Consumer Plaintiffs have not met their burden. They have not made a clear showing that the attorney-client privilege applies to the specific and narrow deposition questions at issue in this motion. The Consumer Plaintiffs have already agreed to answer deposition questions inquiring into what facts they learned concerning their potential claims and when they learned them.  However, if these facts came from their counsel, the Consumer Plaintiffs

---

[11] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 2875514, at *2 (D. Kan. July 8, 2021).

[12] *Id.*

[13] D. Kan. Deposition Guideline § 5(b), https://www.ksd.uscourts.gov/deposition-guidelines.

[14] *Id.*

5

then intend to object on the basis of attorney-client privilege to follow-up questions on how they learned those facts and from whom they learned those facts. From the Court's viewpoint, as a practical matter, the Consumer Plaintiffs' mere assertion of a privilege objection to these deposition questions would essentially signal the answer that the referenced fact came from counsel.

Nor have the Consumer Plaintiffs explained how answering questions that certain facts were learned from their counsel would disclose the substance of any attorney-client communications or any legal advice from their attorneys regarding those facts. The Consumer Plaintiffs have already served interrogatory responses stating: (i) "there were enough facts publicly available to bring a claim in June 2021 when this Court released its summary judgment order and unsealed related exhibits in [the EpiPen MDL]" and (ii) each Consumer Plaintiff "learned about these facts from [their] attorneys in this case after October 10, 2022."[15]  Plaintiffs' argument that Defendants are requesting an extraordinary intrusion into the attorney-client privilege pales considerably when viewed in light of the fact that Plaintiffs have already voluntarily disclosed they learned the facts to support their claims from their attorneys, albeit after October 10, 2022.

It follows that Defendants should be permitted to ask the Consumer Plaintiffs deposition questions following up on their interrogatory responses. Simple questions of "how" or "from whom" they learned facts concerning their potential claims do not require the direct or indirect disclosure of the substance of attorney-client communications or legal advice provided by the Consumer Plaintiffs' attorneys. Plaintiffs' argument that the Supreme Court's *Upjohn* decision forbids these deposition questions is not particularly helpful here because that opinion involved

---

[15] Pl. Furlan's Second Am. Resp. to Interrog. 4 (ECF No. 273-1) at 13.

facts conveyed via client-to-attorney communications rather than attorney-to-client communications.[16] For attorney-to-client communications, the privilege inquiry looks toward "the content of the communication, considering whether that content included legal advice or tended to reveal confidences of the client, or included instead merely facts from other sources.[17] The Consumer Plaintiffs have not shown how answering questions inquiring "how" or "from whom" they learned facts concerning their potential claims would reveal, either directly or indirectly, any legal advice or client confidences. Moreover, as this Court's deposition guidelines explain, even when privilege or work product immunity is asserted, "the witness is nevertheless required to answer questions relevant to the existence, extent, or waiver of the privilege/immunity, such as the date of a communication, who made it, to whom it has been disclosed, and its general subject matter."[18]

To the extent the Consumer Plaintiffs assert attorney-client privilege objections to deposition questions inquiring into "how" and "from whom" they learned facts they relied upon to bring their claims, the Consumers Plaintiffs have not met their burden to show the attorney-client privilege applies to these questions and their objections are overruled. As the Court is overruling the Consumer Plaintiffs' privilege objections to the "how" and "from whom" deposition questions, it need not address Defendants' second argument regarding waiver of privilege.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Consumer

---

[16] *See Upjohn*, 449 U.S. at 396 ("The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.").

[17] *Sprint Commc'ns,* 2014 WL 5581274, at *3 (citing *Grand Jury Proceedings*, 616 F.3d at 1182–83).

[18] D. Kan. Deposition Guideline § 5(b), https://www.ksd.uscourts.gov/deposition-guidelines.

Plaintiffs' Deposition Testimony (ECF No. 273) is **granted**.  The Court overrules the Consumer Plaintiffs' objections asserting attorney-client privilege to deposition questions inquiring into "how" and "from whom" they learned facts they relied upon to bring their claims.

    IT IS SO ORDERED.

    Dated January 8, 2026, at Kansas City, Kansas.

                                                    Teresa J. James
                                                  U. S. Magistrate Judge