UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENA BURGE, LEIGH HOCKETT,
JORDAN FURLAN, CRISTINE RIDEY,
PATRICIA SAWCZUK, and ANNE ARUNDEL
COUNTY, individually and on
behalf of all others similarly situated,

       Plaintiffs,

v.

TEVA PHARMACEUTICALS
INDUSTRIES, LTD.,
TEVA PHARMACEUTICALS USA, INC.,
TEVA PARENTERAL MEDICINES, INC.,
TEVA NEUROSCIENCE, INC.,
TEVA SALES & MARKETING, INC., and
CEPHALON, INC.,

       Defendants.

Case No. 22-cv-2501-DDC-TJJ

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Anne Arundel County's Motion for Protective

Order Related to Teva's Rule 30(b)(6) Notice (ECF No. 271). Plaintiff Anne Arundel County

("AACG") requests a protective order under Fed. R. Civ. P. 26(c) prohibiting Defendants from

deposing its Rule 30(b)(6) corporate representative on Topics 11–13, 18–19, 22–24, and 26

("Challenged Topics").[1] Defendants filed their Opposition (ECF No. 272) to the motion. As

explained below, the motion is granted in part and denied in part.

---

[1] AACG did not include Topic 15 in its motion and withdrew its relevance objection to Topic 14.
It states it is maintaining its privilege objection to Topic 14.  Mot. (ECF No. 271) at 5 n.2.

## I.    Brief Background of the Phase I Discovery Dispute[2]

On November 3, 2025, Defendants served a Rule 30(b)(6) deposition notice upon AACG identifying 26 topics for examination.[3] The parties subsequently conferred and Defendants agreed to narrow the relevant time period of the topics to January 1, 2012 through June 5, 2023, the date when AACG joined as a named plaintiff in the First Amended Complaint. On December 2, 2025, AACG served its written objections and responses to the noticed Rule 30(b)(6) topics.[4] AACG agreed to produce witnesses to testify to 21 of the 26 designated topics but stated it would not designate witnesses to testify on some of the topics based on its relevance and privilege objections.

At the December 16, 2025 discovery conference, the parties updated the Court on the status of their dispute regarding AACG's objections to Defendants' Rule 30(b)(6) notice.[5] In accordance with the parties' suggested briefing schedule, AACG filed its motion and Defendants filed their opposition brief simultaneously on December 23, 2025.

## II.    Legal Standards

Federal Rule of Civil Procedure 30(b)(6) allows a party to depose a corporate party by noticing the deposition of the corporation's representative as to certain designated topics. Pursuant

---

[2] The background of this case is set forth in more detail in the Court's other Phase I discovery rulings (ECF Nos. 152, 153, 181, 202, 226). This case is currently bifurcated with Phase I discovery focused on the pivotal issues of the timeliness of Plaintiffs' claims under the applicable statutes of limitations and the related issues of tolling and fraudulent concealment. *See* July 15, 2024 Phase I Sch. Order (ECF No. 92 at 2). The deadline for completion of Phase I depositions is January 16, 2026. Third Am. Phase I Sch. Order (ECF No. 216).

[3] Defs.' Notice of Rule 30(b)(6) Dep. (ECF No. 271-1).

[4] AACG's Objs. & Resps. To Defs.' Notice of Rule 30(b)(6) Dep. (ECF No. 271-2).

[5] The Court waived the D. Kan. Rule 37.1(a) pre-motion conference requirement for this motion at the Dec. 16, 2025 discovery conf. *See* Disc. Conf. Order (ECF No. 270).

to that Rule, the notice must "describe with reasonable particularity the matters for examination."[6] The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf.[7] The person(s) designated must testify about information known or reasonably available to the corporate party.[8]

A party served with a Rule 30(b)(6) notice may move for a protective order under Fed. R. Civ. P. 26(c), including one "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[9] The party seeking a protective order bears the burden of showing good cause for the protection sought.[10] "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[11] The court's broad discretion can be utilized to "specifically define and/or narrow the disclosure or discovery, including the terms, timing, and method of discovery."[12]

Topics or areas of inquiry in a Rule 30(b)(6) notice are constrained by the general scope and limits of discovery set out in Fed. R. Civ. P. 26(b).[13] Under that Rule, the scope of discovery

---

[6] Fed. R. Civ. P. 30(b)(6).

[7] *Id.*

[8] *Id.*

[9] Fed. R. Civ. P. 26(c)(1)(D). *See also Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-4007-DDC, 2023 WL 2269780, at *2 (D. Kan. Feb. 28, 2023) ("A party noticed under Fed. R. Civ. P. 30(b)(6) cannot avoid its obligation to produce a witness on a topic designated in the notice of deposition by objecting to it. Instead, when the responding party claims the notice improperly designates topics for testimony, requesting a protective order represents a proper method of response.").

[10] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[11] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[12] *Orchestrate,* 2023 WL 2269780, at *1.

[13] *Arenas v. Unified Sch. Dist. No. 223*, No. 15-CV-9359-JWL-TJJ, 2016 WL 6071802, at *4 (D. Kan. Oct. 17, 2016).

is generally limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[14]

## III.        Disputed Rule 30(b)(6) Topics and Issues

### A.        Topics 11, 12, and 22 (AACG's Process and Decision to Enter Litigation)

Topics 11 and 12 seek testimony about AACG's process for choosing to "participate in litigation or bring claims" (Topic 11) or to "join class action settlements" (Topic 12) against pharmaceutical manufacturers, retailers, benefit managers, or other pharmaceutical industry participants. Topic 22 inquires into AACG's decision to participate in this action and the information it relied upon to make that decision.

AACG objected to Topics 11, 12, and 22 on the grounds they seek information not relevant to Phase I discovery about how it chooses to participate in litigation, rather than how it learned of the existence of possible claims. The topics ask how it chooses to proceed with claims against pharmaceutical industry participants, to "join class action settlements," and its decision to join this case as a plaintiff. AACG also objects that these topics seek information protected by attorney-client privilege and the work product doctrine. AACG states in its objections that it will not designate a witness on these topics.

In support of its motion, AACG argues again that Topics 11, 12, and 22 seek testimony not relevant to the Phase I issues in that they go to AACG's decision whether to sue or submit a claim after it learns of a potential claim which is irrelevant to AACG's actual or constructive notice of its claims in this case. AACG argues these topics add nothing to Defendants' inquiries to which AACG has already agreed to provide testimony regarding its due diligence in detecting possible

---

[14] Fed. R. Civ. P. 26(b)(1).

claims.

Defendants maintain the topics seeking AACG's processes for deciding whether to pursue litigation or assert a claim upon receiving notice are relevant to whether AACG is a reasonably diligent plaintiff. They argue they should be permitted to explore what AACG does, if anything, upon receiving notice of a potential claim, including if its process for deciding to become a named plaintiff in this action deviates from its normal practices.

The Court's relevance analysis looks for a discernable link between the information requested by the Challenged Topics and the specific Phase I issues.  After reviewing the topics and the parties' respective relevance arguments, the Court finds a link is not readily apparent between Topic 11—which inquires into AACG's general processes for deciding whether to pursue any litigation or bring claims against any pharmaceutical manufacturers, retailers, benefit managers, or other pharmaceutical industry participants—and the Phase I issues of AACG's actual or constructive knowledge to bring its claims and its due diligence in this case. The Court is even more hard pressed to understand how inquiring into AACG's process for choosing to join any class action settlements against any pharmaceutical manufacturers, retailers, benefit managers, or other pharmaceutical industry participants—information sought by Topic 12—would likely reveal information relevant to the Phase I issues of AACG's actual or constructive notice of its claims and its due diligence. The Court agrees with AACG—these topics go to its decision whether to sue or submit a claim *after* it learns of a potential claim, which is not relevant to AACG's actual or constructive notice regarding its claims in this case. The Court also agrees with AACG these topics are not relevant to AACG's due diligence in *detecting* potential claims and these topics are disproportionate to the needs in this case in that AACG has agreed to provide a corporate designee to testify on questions regarding monitoring and related issues that bear directly on due diligence.

The same rationale applies to Topic 22. Even though it is more narrowly limited to AACG's decision to participate in *this* action and the information it relied upon to make that decision, AACG's decision to join this case as a plaintiff in June 2023 would have been *after* AACG learned of its potential claims and therefore is unlikely to reveal information relevant to the Phase I issues of AACG's actual or constructive notice of its claims and its due diligence in *detecting* its claims in this case. Furthermore, the Court is not persuaded by Defendants' argument that the topics are relevant to whether AACG's process for deciding to become a named plaintiff in this action deviates from its normal practices.

The Court also finds Topics 11 and 12 are overly broad and fail to describe the matters for examination with reasonable particularity. These topics broadly seek testimony regarding AACG's process for choosing to "participate in [any] litigation or bring claims" or "join [any] class action settlements" against any "pharmaceutical manufacturers, retailers, benefit managers, or other pharmaceutical industry participants." Even limited to the 11-year time period January 2012 to June 2023, these topics are overly broad, disproportionate to the needs of this case, and would impose an undue burden upon AACG to prepare a witness on them.

The Court therefore sustains AACG's Phase I relevance objections to Topics 11, 12, and 22. AACG has met its burden to show good cause for the requested protective order forbidding inquiry into these three topics. AACG's motion for a protective order is granted as to Topics 11, 12, and 22.

**B.    Topics 13, 18, and 19 (AACG's Prior Litigation and Contacts with Law Firms)**

Topic 13 seeks testimony from AACG's Rule 30(b)(6) designee about "[e]very class action in which [AACG] is a named plaintiff or proposed named plaintiff and the law firms representing [AACG] in each such class action." Topic 18 seeks information about AACG's "prior interactions

with or knowledge of the Law Firms or any other law firm in class actions or potential class actions." Topic 19 seeks testimony about the "nature, timing, and substance of any solicitation by the Law Firms or any other law firm of [AACG] to participate in this Action or any other class action litigation."

AACG objects to Topic 13 because it is not limited to lawsuits involving drug costs and would require AACG to prepare a witness on any class action it contemplated joining. Therefore, AACG argues Topic 13 would impose an undue and disproportionate burden upon it as compared to the limited, if any, relevance of such suits to the issues in this case. AACG objects to Topic 18 because it seeks testimony on class actions in which AACG is merely a potential class member, not a named plaintiff. AACG objects to Topic 19 because Defendants have themselves argued that solicitations do not create an attorney-client relationship. AACG objects to all three topics because they are not limited to law firms that arguably knew of the trade-for-delay scheme, but instead seek testimony on any law firm pursuing class action work. AACG also objects that the topics appear purposefully aimed to obtain testimony Defendants could use to impute knowledge from Plaintiffs' attorneys to AACG.

Defendants argue these topics properly seek testimony relevant to whether AACG had knowledge of or a pre-existing relationship with the three law firms representing Plaintiffs in this case,[15] emphasizing that some of these same law firms represented the plaintiffs in the EpiPen MDL who challenged the same patent settlements five years earlier. Defendants claim they are entitled to discovery probing whether the only reason AACG did not bring a timely claim is that the Law Firms did not solicit AACG earlier. Defendants allege their public searches reveal that

---

[15] The law firms representing Plaintiffs in this case are Keller Rohrback, Sharp Law, and Burns Charest (collectively the "Law Firms").

one or more of the Law Firms have represented AACG in multiple other litigations, including before AACG became a named plaintiff in this case. Defendants argue such information is relevant to whether AACG had constructive notice of the existence of the EpiPen MDL litigation regarding the same settlements at issue in this action that the Law Firms were actively litigating. Defendants also argue this information could be relevant to whether the Law Firms' knowledge may be imputed to AACG. Defendants also defend their request for information about solicitations from other law firms, arguing that if AACG participated or considered participating in a litigation where it was represented by a different law firm that served as co-counsel to one of the three Law Firms, those facts are not privileged and are probative of when AACG gained knowledge of or began to develop a relationship with the Law Firms.

The Court sustains AACG's relevance objections to Topics 13, 18, and 19. The Court finds Topic 13 basically asks AACG to provide a witness to testify to *every* class action in which it is a named plaintiff or even a proposed named plaintiff and the law firms representing it regardless of the type of lawsuit, for the 11-year time period January 2012 to June 2023. Topic 13 is remarkably overly broad, disproportionate to the needs of this case, and would impose an undue burden upon AACG in preparing a witness to testify on such a broad topic.

The Court finds Topic 18 is also overly broad in scope as it seeks testimony regarding all AACG's "prior interactions with or knowledge of the Law Firms or any other law firm in class actions or potential class actions." Even with the 11-year temporal limitation, the lack of any limitations on the type of class action or clarification of AACG's qualifying "interactions" with the Law Firms and especially "any other law firm" renders the topic overly broad, disproportionate to the needs of this case, and would impose an undue burden upon AACG to prepare a witness on this topic.

Topic 19 is also overly broad for the same reasons as Topics 13 and 18. It seeks testimony—without any limitation other than an 11-year temporal time period—about the "nature, timing, and substance" of any solicitation by the Law Firms or any other law firm sent to AACG to participate in this action or any other class action litigation. Topic 19 is not even limited by type of litigation. AACG's motion for a protective order is granted as to Topics 13, 18 and 19.

## C.    Topics 23 and 24 (AACG's Contentions)

Topic 23 seeks testimony from AACG's Rule 30(b)(6) designee regarding "[w]hat actions, if any, by Teva, Mylan, and/or Pfizer that [AACG] contends caused [AACG] to be unable to file claims in this Action earlier than it did." Topic 24 asks the designee to testify about "[w]hat event or occurrence that [AACG] contends provided sufficient information and/or notice to trigger the running of the statute of limitation for its claims in this Action."

AACG argues Topics 23 and 24 improperly ask for Rule 30(b)(6) testimony about its *legal* contentions and it would be unfair to ask its lay witness to testify about AACG's legal theories because the legal consequences of certain facts that are more appropriate for written discovery, not Rule 30(b)(6) testimony. AACG states it has already answered contention interrogatories regarding the very information sought by Topics 23 and 24 and its responses provide a complete answer to Topic 24.[16] AACG cites *Funk v. Pinnacle Health Facilities XXXII, LP*, for its argument it is improper to directly question a lay witness regarding a party's legal contentions and a party's binding legal position in litigation should be established with the assistance and input of a party's

---

[16] AACG appears to be referencing its answer to Interrogatory No. 4, which asked AACG to "[s]tate the principal and material facts regarding Any action allegedly taken or not taken by Teva and/or by Mylan" that caused AACG not to file its claims in this action earlier than it did. AACG's 4th Am. Resps. to Teva's 1st Set of Interrogs. (ECF No. 271-5 at 11).

attorney.[17]

Defendants claim they are entitled to question a Rule 30(b)(6) deponent as to AACG's *factual* contentions, citing *Pflughoeft v. Kansas & Oklahoma R.R., L.L.C.*[18] Defendants argue AACG has alleged that Teva, Mylan, and Pfizer engaged in wrongful conduct that made it impossible for AACG to bring a timely claim, but that there were enough facts publicly available to bring a claim in June 2021 when this Court released its summary judgment order in the EpiPen MDL. To defend against AACG's fraudulent concealment allegations, Defendants argue they should be allowed to probe what AACG believes prevented it from asserting a timely claim and the specific facts it later learned that allegedly made filing suit possible. AACG does not deny the relevance of such inquiries and has answered similar questions in interrogatory responses. Finally, Defendants argue these Topics are not duplicative of AACG's interrogatory responses and deposition testimony should be allowed to clarify AACG's interrogatory responses.

In *Pflughoeft*, the court noted there is a split of authority whether parties are allowed to use a Rule 30(b)(6) deposition to inquire about legal claims and defenses.[19]  After a thorough analysis of the relevant Federal Rules and caselaw, the court found that a "party may use a Rule 30(b)(6) deposition to ask a corporate representative about the facts underlying a corporate party's legal claims or defenses, subject to the same limitations as all other discovery."[20] The *Pflughoeft* court did note a distinction whether the Rule 30(b)(6) lay witness was testifying about a party's *factual*

---

[17] *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2019 WL 858718, at *3 (D. Kan. Feb. 22, 2019).

[18] No. 22-1177-TC-RES, 2023 WL 5672202, at *8 (D. Kan. Sept. 1, 2023).

[19] *Id.* at *7.

[20] *Id.* at *8.

versus *legal* contentions.[21]

Not surprisingly, AACG argues Topics 23 and 24 call for a lay witness to testify regarding its legal contentions, while Defendants frame the topics as seeking AACG's factual contentions. AACG contends that Rule 30(b)(6) topics—concerning events or occurrences AACG contends provided sufficient notice to trigger the statute of limitations—would call for lay witness testimony on its legal contentions, citing *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*[22] It argues in this case, Judge Crabtree has analyzed what events might have been legally sufficient to trigger the statutes of limitations so it would be unfair to ask a lay witness to testify on AACG's legal theories.

The Court agrees with AACG on this issue and finds Topics 23 and 24 seek lay witness testimony on AACG's *legal* contentions rather than facts underlying its legal conclusions. As such, it is improper for Defendants to directly question AACG's Rule 30(b)(6) lay witnesses regarding the legal contentions sought by Topics 23 and 24. AACG's motion for a protective order is granted as to Topics 23 and 24.

### D.     AACG's Objections to Production of and Testimony on Materials Used to Prepare Rule 30(b)(6) Designee – Topic 26 and related RFP

AACG has agreed to produce and provide testimony on any non-privileged documents its witness reviews to prepare for the Rule 30(b)(6) deposition as requested by Topic 26 and the notice's request for production. Topic 26 seeks testimony about "[t]he identity and substance of all documents reviewed, referenced, or relied upon by any person designated to testify on behalf

---

[21] *See id.* at *10 ("While courts have found that a lay witness may testify about the facts underlying a legal conclusion, it may be 'improper to directly question a lay witness regarding a party's legal contentions.'") (citing *Funk*, 2019 WL 858718, at *3).

[22] No. 19-4007-DDC, 2024 WL 277893, at *11 n.14 (D. Kan. Jan. 25, 2024).

of Anne Arundel in preparing to testify on the topics in this notice, including when such documents were reviewed and by whom." Defendants' notice also requests AACG produce all documents reviewed, referenced, or relied upon by the designee in preparing to testify on the topics. AACG objects to providing privileged documents and testimony to the extent it would disclose the substance of those privileged documents. AACG reserves the right to withhold the production of and testimony on the substance of any such privileged documents.

Defendants argue AACG refuses to produce or identify materials used to prepare its designee on the basis of privilege but has served a nearly identical request for production and Rule 30(b)(6) topic upon Defendants, which Defendants have agreed to identify and produce documents used to prepare their witness.

Defendants raise a valid point. If AACG insists that Defendants produce and identify documents used to prepare Defendants' Rule 30(b)(6) designee, then it must do so as well. AACG cannot refuse to identify and produce materials used to prepare its designee on the basis of privilege while at the same time demanding Defendants do so. AACG's request for a protective order in this regard is denied.

### E.     AACG's Objections to Deposition Questions Asking "How" and From Whom" it Learned Facts

AACG also objects to deposition questions inquiring "how" and "from whom" it learned facts it relied upon to bring its claims, arguing this information is protected from disclosure as attorney-client privileged. It asks the Court to prohibit Defendants from asking deposition questions that inquire about the substance of privileged communications between AACG and its attorneys.

The parties briefed and the Court addressed identical arguments in its Order (ECF No. 284) granting Defendants' Motion to Compel Consumer Plaintiffs' Deposition Testimony (ECF No.

273). Consistent with and as explained in that ruling, the Court overrules AACG's attorney-client privilege objections to specific deposition questions inquiring into "how" and "from whom" AACG learned facts it relied upon to bring its claims.  AACG has not made a clear showing that the attorney-client privilege applies to the information sought by the specific and narrow deposition questions. It has not explained how answering questions that certain facts were learned from its counsel would disclose the substance of any attorney-client communications or any legal advice from its attorneys regarding those facts. The Court denies AACG's request for a protective order prohibiting Defendants from asking its corporate designee questions inquiring into "how" and "from whom" AACG learned facts it relied upon to bring its claims.

**IT IS THEREFORE ORDERED** that Plaintiff Anne Arundel County's Motion for Protective Order Related to Teva's Rule 30(b)(6) Notice (ECF No. 271) is **granted in part and denied in part**.  The motion is granted as to Topics 11, 12, 13, 18, 19, 22, 23, and 24 and AACG is granted a protective order prohibiting Defendants from asking questions of AACG's Rule 30(b)(6) corporate designee on these topics. The motion is denied as to Topic 26 (and related request for production) and AACG's request that Defendants be prohibited from asking deposition questions asking "how" and "from whom" it learned facts.

IT IS SO ORDERED.

Dated January 9, 2026, at Kansas City, Kansas.

_____

Teresa J. James
U. S. Magistrate Judge