UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENA BURGE, LEIGH HOCKETT,
JORDAN FURLAN, CRISTINE RIDEY,
PATRICIA SAWCZUK, and ANNE ARUNDEL
COUNTY, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

TEVA PHARMACEUTICALS
INDUSTRIES, LTD.,
TEVA PHARMACEUTICALS USA, INC.,
TEVA PARENTERAL MEDICINES, INC.,
TEVA NEUROSCIENCE, INC.,
TEVA SALES & MARKETING, INC., and
CEPHALON, INC.,

      Defendants.

Case No. 22-CV-2501-DDC-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Determine the Sufficiency of

Teva's Responses and Objections to Plaintiffs' First Set of Requests for Admission (ECF No. 319).

Pursuant to Fed. R. Civ. P. 36(a)(6), Plaintiffs request the Court to determine the sufficiency of

Defendants' responses and objections to Plaintiffs' First Set of Requests for Admissions ("RFAs").

As explained below, Plaintiffs' Motion is granted in part and denied in part.

## I.    Summary of the Parties' Positions

Plaintiffs' First Set of Requests for Admission is comprised of 54 RFAs.[1] Of those, 35 are

disputed and at issue in Plaintiffs' motion. Plaintiffs argue that Defendants' RFA responses are

---

[1] RFA Resps. & Objs. (ECF No. 319-2).

permeated by three specific issues that render them problematic. First, Defendants object to a variety of terms as vague, but these terms are neither unique, nor without a commonly understood, plain-language definition. Second, in multiple instances, Defendants rewrite the specific RFA to give it a different meaning rather than answering the RFA as written. Third, Defendants improperly object to a host of RFAs as involving pure issues of law.

Defendants argue Plaintiffs served vague and compound RFAs laden with assumptions that do not permit a simple admission or denial. Defendants deny their responses "rewrite" the RFAs and instead only provided appropriate context to their responses, which is permitted when a RFA denial could convey an unwarranted implication without explanation. Defendants also argue that some of Plaintiffs' RFAs improperly seek admissions related to pure issues of law.

## II.    Applicable Law Governing Requests for Admission

Federal Rule of Civil Procedure 36 governs requests for admission. It allows a party to serve on any other party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."[2]

Requests for admission have two purposes: (1) to reduce trial time by facilitating proof of disputed issues, and (2) to narrow issues where they can be resolved.[3] "The purpose of a request for admission generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing

---

[2] Fed. R. Civ. P. 36(a)(1).

[3] Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment.

the requesting party to avoid potential problems of proof."[4]

The responding party must make a good faith effort to obtain information allowing it to admit or deny the request.[5] The party must, therefore, specify in its answer that it has made reasonable inquiry to ascertain the truth if it is reasonably within its power to do so.[6] A party that is unable to admit or deny a request must provide a detailed explanation describing their inability to admit or deny the request.[7] For a response to be sufficient, it must "fairly meet the substance of the requested admissions."[8]

If a request for admission is not admitted, Rule 36(a)(4) provides that "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." The Rule further provides:

> A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.[9]

When a party objects to a request for admission, it must state the grounds for objecting.[10]

---

[4] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* Civ. A. No. 94-2395-GTV, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995) (citation omitted).

[5] *Id.* at *2.

[6] *Id.*

[7] *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 694 (D. Kan. 1990).

[8] *New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2009 WL 10708032, at *4 (D. Kan. Nov. 19, 2009).

[9] Fed. R. Civ. P. 36(a)(4).

[10] Fed. R. Civ. P. 36(a)(5).

The objecting party bears the burden to justify its objection to a request for admission.[11]

Responses and objections to requests for admission are not challenged in a motion to compel;[12] instead, Rule 36(a)(6) specifically authorizes a motion to determine the sufficiency of an answer or objection. It provides the requesting party "may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."[13] Whether a response is sufficient is within the discretion of the court.[14]

### III.    Defendants' Vague and Ambiguous Objections to RFA Terms

Plaintiffs complain that Defendants refused to either admit or deny 22 RFAs[15] based on improper vagueness objections to terms which are commonly used and unambiguous. They argue Defendants have objected to such commonly understood and plain English words as "together," "communications," "relationship," "agreement," "disclose,"[16] "factual information," "publicly known," "publicly available,"[17] "generic competition," "either settlement," and "generic entry

---

[11] *Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR/GLR, 2011 WL 1559422, at *2 (D. Kan. Apr. 25, 2011).

[12] *Ash Grove Cement v. Employers Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007) (citation omitted).

[13] Fed. R. Civ. P. 36(a)(6).

[14] *New Jersey*, 2009 WL 10708032, at *4.

[15] RFAs 1, 3, 16, 20, 25, 28, 32–35, 37, 39–48, and 54.

[16] Plaintiffs note that these first five words or terms "are used throughout the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Kansas," and include examples of specific rules containing these terms. Mot. (ECF No. 319) at 4.

[17] Plaintiffs note Defendants requested "publicly available information," without any definition, in RFP Nos. 13 and 14 of their First Request for Production to [Plaintiff] Anne Arundel County. *Id*. at 5.

dates,"[18] among others. Plaintiffs argue Defendants assert these various terms are vague without explaining how they meet the vagueness standard.

Defendants' initial argument in response is that Plaintiffs do not even identify by number which RFAs they are challenging on the basis of vagueness. Defendants then argue generally that Plaintiffs' argument regarding vagueness oversimplifies Rule 36 and Defendants' responses. They contend the threshold defect in Plaintiffs' argument "is not whether particular terms might have a 'plain English' meaning in isolation, but whether the RFAs as drafted are properly 'phrased simply and directly, limited to a single point, and stated clearly, unambiguously, and without argument.'"[19]

Defendants address two of the RFAs in which their vagueness objections are in dispute. With respect to RFA 25, Defendants argue that Plaintiffs' focus on Defendants' vagueness objections to the terms "disclose" and "joint negotiation" while ignoring their objections that the Request assumes an unlawful "joint negotiation" and seeks admissions beyond the statute of limitations issues relevant to Phase I discovery. Regarding RFA 32, Defendants argue the request contains an "internally contradictory formulation that leaves [them] guessing at Plaintiffs' intended meaning." Defendants question whether the RFA is asking whether the EpiPen MDL complaint contained "new" facts related to the Nuvigil settlements and, if so, what is the meaning of "new" and is it new as of what point in time?

"A party objecting to a discovery request as vague or ambiguous has the burden to show

---

[18] Plaintiffs note these last three words or terms were used by Defendants in their own Motion to Dismiss (ECF No. 47 at 21).

[19] Resp. (ECF No. 330) at 3, quoting *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2019 WL 317639, at *6 n. 35 (D. Kan. Jan. 24, 2019) (citing *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* No. 94-2395-GTV, 1995 WL 625744, at *3 (D. Kan. Oct. 5, 1995)).

such vagueness or ambiguity."[20] In responding to discovery requests, including requests for admission, the responding party should "exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized."[21] The Court easily finds Defendants have not met their burden and their vagueness objections are without merit. Defendants' initial argument that Plaintiffs do not even identify by number which RFAs they are challenging on the basis of vagueness is simply untrue. Plaintiffs' motion attached an Appendix A listing each of the terms to which Defendants objected as vague or ambiguous and the corresponding RFA related to each term.[22]

In addition, Plaintiffs do discuss each of the 22 disputed terms in their motion.[23] Plaintiffs make a strong showing that these disputed terms are commonly understood or commonly used. In fact, the disputed terms include terms that are easily understood and used throughout the Federal Rules of Civil Procedure and this Court's Local Rules; a term Defendants used, without any definition, in their own discovery requests served on one of the Plaintiffs in this case; and terms used by Defendants in their motion to dismiss filed early in this case. Defendants do not respond directly to these arguments in their opposition.

Inexplicably, in their opposition Defendants do not specifically address 20 of these 22 terms at all. Nor is Defendants' generic argument that Plaintiffs have oversimplified Rule 36 and the RFA responses by viewing the disputed terms in isolation persuasive. Defendants fail to discuss any particular disputed term and demonstrate that it is vague or ambiguous in the context used. As

---

[20] *Deya*, 2011 WL 1559422, at *2.

[21] *Id.*

[22] Mot. (ECF No. 319) at 12.

[23] *Id.* at 4–6.

to these 20 terms, without question Defendants have failed to meet their burden to show the terms are vague or ambiguous. Defendants' vagueness objections to these 20 terms border on the ridiculous. They are a waste of time and resources of the parties, their clients, and the Court.

Based upon its own independent review, however, the Court finds that notwithstanding its vagueness objections to the terms "disclose and "Entry Date Exchange;" to "identified," "disclosed," and "generic competition;" and to "settlement releases," in RFAs 28, 45, and 47, respectively, Defendants did deny each of these RFAs, fairly respond to the substance of the matter(s), and qualify their answers in accordance with Rule 36.[24]  Insofar as Plaintiffs' motion to determine sufficiency relates to RFAs 28, 45, and 47, the motion is therefore denied.

Defendants do argue in their opposition that the term "joint negotiation" in RFA 25 is susceptible to multiple meanings and an admission or denial could be mischaracterized. However, the Court is unpersuaded. As Plaintiffs point out in their motion, joint negotiation is among several disputed terms that "address the allegations at the heart of this case that Teva's settlements concerning Nuvigil and EpiPen were bargained for in connection with each other."[25] In the context of this long-running litigation and as used in RFA 25, the term "joint negotiation" is easily understood. Defendants have not met their burden to show that the term "joint negotiation" as written into RFA 25 is vague or ambiguous, its objection is overruled and Plaintiffs' motion to determine sufficiency with respect to this RFA is granted.

Additionally, Defendants argue in their opposition that the terms "non-public facts" and "publicly disclosed" in RFA 32 are "inscrutable" and internally contradictory so as to leave them

---

[24] Fed. R. Civ. P. 36(a)(4).

[25] Mot. (ECF No. 319) at 5.

guessing at Plaintiffs' intended meaning.[26] Defendants quibble over whether this RFA relates to "new" facts and the meaning of "new" as utilized. Again, the Court disagrees. The meanings of these terms are commonly understood and the parties to this litigation are well aware of the meanings of these terms, which are at the heart of the Phase I statute of limitations issues in this case. Defendants have not met their burden to show that the term "joint negotiation" as written into RFA 32 is vague or ambiguous, its objection is overruled and Plaintiffs' motion to determine sufficiency with respect to this RFA is granted.

To summarize, the Court finds Defendants have failed to meet their burden to show that the RFA terms in dispute are vague or ambiguous, overrules Defendants' objections on this basis to RFAs 1, 3, 16, 20, 25, 32–35, 37, 39–44, 46, 48, and 54, and grants Plaintiffs' motion to determine sufficiency with respect to these RFAs. Fed. R. Civ. P. 36(a)(6) provides that "[u]nless the court finds an objection justified, it must order that an answer be served." Defendants are therefore ordered to serve answers to these RFAs. The Court finds Defendants properly deny RFAs 28, 45, and 47, fairly respond to the substance of the matter(s), and qualify their answers in accordance with Rule 36 as to these RFAs. Insofar as Plaintiffs' motion to determine sufficiency relates to RFAs 28, 45, and 47, the motion is therefore denied.

## IV.    Defendants' Responses to RFAs 4, 13, and 24

Plaintiffs request that the Court require Defendants to answer certain RFAs "as written." They reference RFAs 4, 13, and 24 as examples where Defendants added narrowing phrases to their responses that change the meaning of the request.

In RFA 4, Plaintiffs request Defendants "[a]dmit that none of the April 2012 Press Releases

---

[26] Resp. (ECF No. 330) at 5.

disclose any agreement or understanding between Teva and Mylan regarding generic entry dates for both Nuvigil and EpiPen." Defendants objected, then responded: "Teva denies that there was any anticompetitive or otherwise unlawful agreement or understanding between Teva and Mylan regarding generic entry dates for both Nuvigil and EpiPen. [Defendants] therefore admit that the April 2012 press releases do not disclose such facts that are not in existence."[27]

RFA 13 requests Defendants admit that "the Congressional Hearing Record did not disclose that the Nuvigil Settlement and the EpiPen Settlement were negotiated together." After objecting, Defendants' responded by admitting that "the Congressional Hearing Record does not explicitly reference the 'Nuvigil Settlement'" and denying that "the Congressional Hearing Record did not disclose the EpiPen Settlement." Defendants also denied that "the Nuvigil Settlement and the EpiPen Settlement were 'negotiated together' as part of any alleged anticompetitive 'entry-date exchange.'" Defendants then "therefore admit[ted] that the Congressional Hearing Record did not disclose such facts that are not in existence."[28]

RFA 24 requests Defendants admit that "the Nuvigil Allegations in the EpiPen MDL Complaint are allegations and not factual disclosures or admissions of fact by Teva, Mylan, or Pfizer." After objecting, Defendants' response states they admit "only that the EpiPen MDL Complaint, a public document filed in 2017 prior to the expiration of the statute of limitations on Plaintiffs' present claims, contains factual allegations substantially similar to the claims Plaintiffs brought in this case after the expiration of the statute of limitations, and that the allegations contained in the EpiPen MDL Complaint provide sufficient information to put a potential plaintiff

---

[27] RFA Resps. (ECF No. 319-2) at 6–7.

[28] *Id*. at 12.

on notice of the facts giving rise to Plaintiffs' claims."[29]

Plaintiffs take issue with Defendants' responses, arguing Defendants have rewritten these RFAs such that each response changes the meaning or narrows the request. [30] Defendants counter that they are allowed to respond with warranted qualifications or explanations. Defendants claim these RFAs "contain embedded assumptions that [they] could not accept without risking a distorted or misleading admission."[31]

RFA 4 asks Defendants to admit that none of the April 2012 Press Releases disclose *any* agreement or understanding between Teva and Mylan regarding generic entry dates for both Nuvigil and EpiPen. Defendants' response denies that there was *any anticompetitive or otherwise unlawful* agreement or understanding between Teva and Mylan regarding generic entry dates for both Nuvigil and EpiPen. Then, Defendants admit that the April 2012 press releases do not disclose "such facts" that are not in existence, which although perhaps intentionally ambiguous, is a reference back to any anticompetitive or otherwise unlawful agreement. Defendants' argument that they have properly qualified their answer is unpersuasive. The Court finds Defendants have neither specifically denied nor admitted RFA 4. Instead, contrary to Rule 36, Defendants have materially re-written RFA 4 and have responded to a much narrower, carefully tailored request they drafted which avoids the admission sought.

The same analysis and reasoning apply relative to RFA 13. Once again, Defendants utilize the same double-speak, interjecting the much narrower *any anticompetitive or otherwise unlawful* agreement and the reference to "such facts" into its response so as to avoid either denying or

---

[29] *Id*. at 21.

[30] Mot. (ECF No. 319) at 7.

[31] Resp. (ECF No. 330) at 6.

admitting the request posed.

RFA 24 presents an altogether different scenario. It asks Defendants to admit that the Nuvigil Allegations in the EpiPen MDL complaint are allegations and not factual disclosures or admissions of fact by Teva, Mylan, or Pfizer. Defendants admit "only" that the EpiPen MDL Complaint contains certain specified "factual allegations" but then state: "Because the EpiPen MDL Complaint was not authored by Teva, Mylan, or Pfizer, it cannot constitute their factual disclosures or admissions." This latter statement merely states the obvious and is a proper qualification.

To summarize, the Court finds Defendants' responses to RFAs 4 and 13 do not fairly respond to the substance of the matter and are not properly qualified as permitted by Rule 36. Plaintiffs' motion is granted and Defendants are therefore ordered to serve amended answers to RFAs 4 and 13. However, for RFA 24, the Court finds Defendants properly qualified their answer in accordance with Rule 36. Insofar as Plaintiffs' motion to determine sufficiency relates to RFA 24, the motion is denied.

## V.        Defendants' Objections that RFAs Seek Admission of Pure Issues of Law

Plaintiffs complain that Defendants have objected to 10 RFAs on the basis that they seek admissions of pure issues of law.[32] Plaintiffs contend these RFAs are proper because pursuant to Rule 36, RFAs can implicate the law as long as they seek "the application of law to fact."[33] They contend that RFAs 9, 10, 17, 18, 21, 22, 29, and 30 ("the First 8 Disputed RFAs") seek admissions related to whether the "factual information" contained in certain documents was sufficient based

---

[32] RFAs 9, 10, 17, 18, 21, 22, 29, 30, 49, and 50.

on legal standards. They contend RFAs 49 and 50 seek admissions about facts that Defendants have or have not identified. Thus, Plaintiffs conclude none of these RFAs seeks an admission on a pure issue of law.

Defendants counter that the First 8 Disputed RFAs ask them to admit or deny that certain documents contain "sufficient factual information to allow a reasonably diligent plaintiff" to infer certain facts relevant to Plaintiffs' claims. They contend that whether a plaintiff is a "'reasonably diligent plaintiff' is not a concrete fact, but a component of the legal test for inquiry notice, which remains in dispute."[34] Therefore, they contend, the First 8 Disputed RFAs require a legal judgment regarding the applicable standard for inquiry notice rather than an admission of a discrete fact. As to RFAs 49 and 50, which ask Defendants to admit or deny whether a plaintiff had "actual knowledge" of a particular fact, Defendants argue Plaintiffs refused to define actual knowledge, which leaves Defendants to determine which legal standard Plaintiffs intended. Thus, Defendants contend RFAs 49 and 50 improperly would require them to construe the legal standard, which is not an application of law to fact.

As to the First 8 Disputed RFAs, the Court agrees with Defendants that Plaintiffs' requests are not proper requests for the application of law to fact. Instead, they would require Defendants to make a legal judgment as to what constitutes a "reasonably diligent plaintiff," which has not been determined and is in dispute. Rule 36 does not require, and therefore this Court will not require, Defendants to admit or deny the First 8 Disputed RFAs.

The same is not true for RFAs 49 and 50. Those requests focus on "actual knowledge" rather than whether a plaintiff or putative class member was reasonably diligent so as to be on

---

[34] ECF No. 330 at 8.

inquiry notice. RFAs 49 and 50 are straightforward requests for admission of facts and are clearly proper and Defendants' argument that Plaintiffs refused to define actual knowledge is unpersuasive.

In summary, the Court sustains Defendants' objections to RFAs 9, 10, 17, 18, 21, 22, 29, and 30, and denies Plaintiffs' motion to determine sufficiency of these First 8 disputed RFAs. The Court overrules Defendants' objections to RFAs 49 and 50 and grants Plaintiffs' motion to determine sufficiency of RFAs 49 and 50. Defendants are ordered to serve answers to RFAs 49 and 50.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Determine the Sufficiency of Teva's Responses and Objections to Plaintiffs' First Set of Requests for Admission (ECF No. 319) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendants' vague and/or ambiguous objections to RFAs 1, 3, 16, 20, 25, 32–35, 37, 39–44, 46, 48, and 54 are overruled. Defendants are ordered to serve answers to these RFAs. Plaintiffs' motion as it relates to RFAs 28, 45, and 47 is denied.

**IT IS FURTHER ORDERED** that Defendants' responses to RFAs 4 and 13 do not fairly respond to the substance of the matter and are not properly qualified as permitted by Rule 36. Defendants are ordered to serve amended answers to RFAs 4 and 13. Plaintiffs' motion as it relates to RFA 24 is denied.

**IT IS FURTHER ORDERED** that Defendants' objections to RFAs 49 and 50 on the basis that they seek admission of a pure issue of law are overruled. Defendants are ordered to serve answers to RFAs 49 and 50. Defendants' objections to RFAs 9, 10, 17, 18, 21, 22, 29, and 30 are sustained and Plaintiffs' motion as it relates to these RFAs is denied.

**IT IS FURTHER ORDERED** that Defendants shall serve their answers to the RFAs ordered herein **within fourteen (14) days of the date of this Order**.

IT IS SO ORDERED.

Dated June 11, 2026, at Kansas City, Kansas.

_____

Teresa J. James
U. S. Magistrate Judge

14