UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TEVA PHARMACEUTICALS INDUSTRIES, LTD.,
TEVA PHARMACEUTICALS USA, INC.,
TEVA PARENTERAL MEDICINES, INC.,
TEVA NEUROSCIENCE, INC.,
TEVA SALES & MARKETING, INC., and
CEPHALON, INC.,

Defendants.

Case No. 22-CV-2501-DDC-TJJ

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Goodwin Proctor LLP Regarding its Production and Logging in Response to Plaintiffs' Subpoena (ECF No. 349) ("Motion to Compel"). Plaintiffs request an order compelling Goodwin Procter LLP ("Goodwin"), a law firm representing Defendants in this action, to run Plaintiffs' proposed amended search terms across its collections, produce all responsive documents identified through those searches, remove its improper non-responsiveness redactions, and refrain from making similar redactions in future productions. As explained below, Plaintiffs' Motion to Compel is granted in part and denied in part.

## I. Background of this Phase I Discovery Dispute[1]

On March 13, 2026, the Court entered a Memorandum and Order (ECF No. 312) ("Goodwin Subpoena Order") granting in part and denying in part Plaintiffs' motion to compel Goodwin to search for and produce documents responsive to a subpoena duces tecum (the "Subpoena"). The Court modified the Subpoena requests at issue to exclude all communications and documents that had already been produced by Defendants or logged on a privilege log in this case and excluded Goodwin's wholly internal law firm communications and documents. The Court also limited some of the Subpoena requests in temporal scope. Goodwin was ordered to produce documents responsive to the modified Subpoena within 14 days and provide a privilege log for any documents withheld from production within 30 days after production.[2]

On March 20, 2026, one week after the order was entered, Goodwin's counsel contacted Plaintiffs' counsel to inquire whether Plaintiffs would consent to Goodwin's request for an extension of time to collect, review, and produce documents consistent with the Court's order.[3] Goodwin claimed that it needed an extension due to the size of the review universe, among other things, which it represented consisted of 4,500 documents after collection, de-duplication, and threading. Counsel held a meet-and-confer on March 25, 2026.[4] One of the discussion items was Plaintiffs' request for information regarding the custodians and search terms Goodwin would be utilizing to look for responsive documents. Goodwin maintained that, as a non-party, it had no

---

[1] The background of the case and this particular discovery dispute is set forth in more detail in the Court's March 13, 2026 Mem. & Order (ECF No. 312).

[2] Goodwin Subpoena Order (ECF No. 312) at 16.

[3] Mar. 20, 2026 Email (ECF No. 351-1) at 15–16.

[4] Mar. 25, 2026 Email (ECF No. 351-1) at 8–9.

obligation to provide or negotiate custodians or search terms but offered to provide the custodians' names and search terms "for informational purposes only." It identified four custodians and the following search terms:

- (Crowell OR crowellmoring OR Kilpatrick OR Kilpatricktownsend OR Hogan OR hoganlovells OR Wilson OR Wilsonsonsini) AND (Nuvi* OR Armodaf*)
- (Pfizer OR Mylan) w/25 (Nuvi* OR Armodaf* OR Epi*)
- (Nuvi* OR Armodaf*) AND (Epi*)
- ((Settle* OR Venture OR Ventures OR Alliance OR Alliances) w/25 (Nuvi* OR Armodaf* OR Epi* OR "7,449,012" OR "7,794,432" OR "7449012" OR 7794432 OR 012 OR 423)) AND (Mylan OR Pfizer)
- ((Settl* OR Venture* OR Alliance* OR Agree*) AND (012 OR "7,449,012" OR "7449012" OR 423 OR "7,794,432" OR "7794432")) AND (Mylan OR Pfizer)
- (FTC OR "federal trade commission" OR DOJ OR "department of justice" OR "justice depart*" OR antitrust OR senator OR congress*) w/25 (Nuvi* OR Armodaf* OR Epi*).[5]

Goodwin also proposed an extension of its deadline to complete document production and extension of the deadline to serve its privilege log. Plaintiffs' counsel agreed to Goodwin's proposal.[6] Goodwin filed its unopposed motion, which the Court granted, extending Goodwin's deadline to complete the document production ordered by the Court to April 10, 2026 and the deadline for providing a privilege log to April 24, 2026.[7]

---

[5] *Id*. at 8–9.

[6] *Id*. at 8.

[7] Mar. 30, 2026 text Order (ECF No. 327).

Goodwin produced ten documents on April 10, 2026.[8] Two of the documents produced were email strings with partial redactions for "non-responsiveness." Goodwin produced a privilege log on April 24, 2026, logging privilege redactions for two documents.[9]

On April 21, 2026, the Court conducted a discovery conference with the parties. At the conclusion of the conference, Plaintiffs raised an issue regarding whether the Goodwin Subpoena production was final, noting that Goodwin had only produced ten documents and Plaintiffs were waiting on Goodwin's privilege log. Counsel for Defendants advised that the final Goodwin production had been made. When the Court inquired as to the length of Goodwin's anticipated privilege log, counsel for Defendants reported it would only have a handful of entries.

On May 5, 2026, Plaintiffs' counsel sent a letter noting deficiencies in Goodwin's document production and privilege log.[10] The letter states:

> On its face, Goodwin's production is inadequate and difficult to understand given its requests for an extension on the basis of "burden." The deficiency suggested by Goodwin's paltry production is also substantiated by inadequacies in the search terms it used during collection."[11]

The letter provided examples of some of the problems with the search terms Goodwin used, such as using the wrong email domain names, and excluding both "Pfizer" and "Mylan" from the searches. Goodwin responded by letter dated May 8, 2026:

> Plaintiffs' attacks on the adequacy of Goodwin's search terms are unsubstantiated, untimely, and waived. Plaintiffs concede that on March 25 Plaintiffs and Goodwin met-and-conferred and, that same day, Goodwin provided the custodians and search

[8] Plaintiffs were not able to access the documents until April 12, 2026 after corrected access credentials were provided.

[9] Goodwin's Priv. Log (ECF No. 349-11). The two documents listed on the privilege log are identified with "Begin Bates" numbers GP2025-30_00000451 and GP2025-30_00000453.

[10] Pls.' May 5, 2026 Letter (ECF No. 349-8).

[11] *Id.*

> terms it would use for collection, review, and production. Goodwin made this disclosure in good faith, even though, as a non-party, it had no obligation to negotiate or disclose its search parameters at all. Plaintiffs raised no objection to Goodwin's custodians or search terms for almost six weeks. They waited until May 5, 41 days after the disclosure, three weeks after Goodwin completed its April 10 production, and nearly two weeks after Goodwin served its privilege log, to voice any concern.[12]

On May 12, 2026, Plaintiffs requested a D. Kan. Rule 37.1(a) pre-motion discovery conference to discuss their proposed motion to compel related to Goodwin's collection, production, redaction and logging of documents in response to the Goodwin Subpoena Order. Plaintiffs' request also informed the Court of Goodwin's position that Plaintiffs' anticipated motion to compel Goodwin to run additional search terms was untimely. On May 13, 2026, the Court waived the pre-motion conference requirement but, given the untimeliness issue raised by Goodwin and realizing the filing deadline may possibly have already run, ordered Plaintiffs to file their motion to compel "by the D. Kan. Rule 37.1(c) deadline or May 22, 2026, whichever date is earlier."[13] The Phase I discovery deadline ran on May 15, 2026.[14] Plaintiffs filed their Motion to Compel on May 22, 2026.

## II. Plaintiffs' Request to Compel Goodwin to Run Additional Search Terms

Plaintiffs request the Court compel Goodwin to run another search for responsive documents using the search terms proposed by Plaintiffs and produce all responsive documents identified through those searches. Goodwin argues Plaintiffs' request is untimely and a transparent attempt to relitigate the scope of a subpoena the Court has already curtailed and to use the results

---

[12] Goodwin's May 8, 2026 Letter (ECF No. 349-12).

[13] May 13, 2026 text Order (ECF No. 348).

[14] Fourth Am. Phase I Sch. Order (ECF No. 308) at 3.

of Goodwin's good-faith collection, review, and production as a pretext for an improper and harassing fishing expedition into a law firm's files.

**A. Timeliness**

Goodwin argues Plaintiffs' challenge to the search terms is untimely. Goodwin contends D. Kan. Rule 37.1(c) requires Plaintiffs to file their motion within 30 days after the "disclosure that is the subject of the motion," and Plaintiffs' filing of their Motion to Compel on May 22, 2026 was not within 30 days of Goodwin's disclosure of its search terms on March 25, 2026. Goodwin also argues Plaintiffs failed to exercise any diligence in attempting to resolve the discovery dispute, and thus no extension of the 30-day deadline is warranted. Goodwin states it provided Plaintiffs with its custodians and search terms on March 25, yet Plaintiffs did not raise an issue challenging Goodwin's search terms until their May 5 letter, did not request a pre-motion conference until May 12, and did not file their motion to compel until May 22. Goodwin argues any information necessary for Plaintiffs to challenge the purported adequacy of Goodwin's search terms was entirely knowable at the time the search terms were disclosed on March 25 and Goodwin's production and privilege log are superfluous to a challenge to the search terms as written and cannot serve as a "triggering event" necessary to reset the 30-day deadline.

Plaintiffs argue their challenge to Goodwin's search terms is timely. They contend their 30-day deadline to file their motion to compel was triggered by Goodwin's service of its privilege log on April 24, 2026, because that is what alerted Plaintiffs to the deficiencies in Goodwin's document production. They argue courts routinely find that deficiencies revealed by subsequent events can trigger the 30-day period under D. Kan. Rule 37.1(c). Plaintiffs claim they reasonably anticipated that the low number of documents produced by Goodwin on April 10 stemmed from the withholding of documents as privileged and, therefore, any dispute would not be ripe until

Goodwin served its log. Plaintiffs contend they could not have known the deficiency was with Goodwin's collection until they received that privilege log.

Plaintiffs were ordered to file their Motion to Compel by the D. Kan. Rule 37.1(c) deadline or May 22, "whichever date is *earlier.*" Therefore, in order to determine whether Plaintiffs' motion was timely filed, the Court must consider whether it was filed by the deadline set by Local Rule 37.1(c). District of Kansas Rule 37.1(c) requires "[a]ny discovery-related motion must be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute." The Rule further provides that the court "may deny any motion filed after that 30-day period as untimely unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue."[15]

The purpose of D. Kan. Rule 37.1(c) "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation."[16] The court applies a two-pronged inquiry in determining timeliness of a discovery-related motion under D. Kan. Rule 37.1(c): "(1) whether the discovery motion was filed within the 30-day period, and (2) whether the moving party exercised diligence in attempting to resolve the discovery dispute to warrant an extension of that period."[17] The party moving to compel discovery bears the burden to demonstrate "diligence in attempting to resolve the specific discovery dispute at issue" under D. Kan. Rule 37.1(c).[18]

---

[15] D. Kan. Rule 37.1(c).

[16] *KPH Healthcare Servs., Inc. v. Mylan N.S.*, No. 2:20-CV-2065-DDC-TJJ, 2024 WL 3890162, at *2 (D. Kan. Aug. 20, 2024) (citation omitted).

[17] *Id*.

[18] *Id*. at *3.

The Court finds Plaintiffs' motion challenging the search terms used by Goodwin to locate documents responsive to the modified Subpoena was due within 30 days after Plaintiffs "knew or reasonably should have known of the potential dispute."[19] The Court is not persuaded by Plaintiffs' argument that they timely raised the instant search-term dispute. Plaintiffs were informed by Goodwin of the custodians and search terms that are the subject of the Motion to Compel on March 25. Plaintiffs offer no compelling explanation for their failure to dispute the search terms at that time especially given the then rapidly approaching May 15 Phase I discovery deadline. In any event, Goodwin's production of just ten documents on April 10, 2026 should have alerted Plaintiffs that there might be an issue regarding the sufficiency of Goodwin's document production. Plaintiffs acknowledge this in their motion, stating that after Goodwin produced the documents, "[t]he production size and scope immediately raised concerns."[20] Yet, Plaintiffs did not raise any issue with Goodwin's search terms until May 5 and waited until May 22 to file their motion. The Court finds Plaintiffs knew or reasonably should have known of the potential dispute at least by the time of Goodwin's production on April 12.[21] Therefore, the April 12 production triggered the 30-day deadline and Plaintiffs should have filed their motion challenging Goodwin's search terms by May 12, 2026.

Plaintiffs argue they did not realize there was an issue with the search terms used by Goodwin until after they received Goodwin's two-entry privilege log on April 24, 2026. Plaintiffs' argument essentially that they were awaiting the privilege log to evaluate the sufficiency of the

---

[19] D. Kan. Rule 37.1(c).

[20] Pls. Mot. (ECF No. 349) at 5.

[21] Although Goodwin produced the documents on April 10, Plaintiffs could not access them until April 12 after corrected credentials were provided. Pls.' Mot. (ECF No. 349) at 5 n.12.

production is not convincing, nor is the later service of Goodwin's privilege log a "supplemental production" that extends the D. Kan. Rule 37.1(c) deadline.[22] Finally, for the reasons already discussed, Plaintiffs have not met their burden to demonstrate "diligence in attempting to resolve the specific discovery dispute at issue" to warrant an extension of their deadline for filing a motion on the search-term dispute. Plaintiffs' request to compel Goodwin to run additional search terms is therefore denied as untimely.

**B. Adequacy of Goodwin's Search Terms**

Even if the Court had found Plaintiffs' motion to be timely or that Plaintiffs demonstrated diligence in attempting to resolve the search-term dispute, Plaintiffs have not shown Goodwin's search terms are inadequate or unreasonably flawed to justify compelling non-party Goodwin to run additional searches for responsive documents. As the Court noted in its prior ruling on the Goodwin Subpoena, non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses,[23] and document subpoenas seeking discovery from current counsel representing the opposing party raise additional concerns. While counsel are not automatically exempt from being subjected to a subpoena to produce documents or to testify, courts generally disfavor subjecting opposing trial counsel to broad discovery and recognize its

[22] *See Barns v. Payne*, No. 22-2433-HLT-BGS, 2023 WL 9105050, at *6 (D. Kan. Dec. 14, 2023) (the defendants' last document production served as the last triggering event for the plaintiffs' motion to compel deadline). Goodwin's last document production, not service of their privilege log, served as the last triggering event for Plaintiffs' Motion to Compel deadline.

[23] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.,* No. 17-MD-2785-DDC-TJJ, 2018 WL 4854027, at *2 (D. Kan. Oct. 5, 2018) (citations omitted).

potential disruptive effect on the attorney-client relationship and the adversarial process.[24] Throughout this case, the Court has proceeded with "heightened caution" relative to subpoenas served on the parties' law firms.[25] Nonetheless, a subpoenaed entity has an "obligation to make a reasonable inquiry to determine whether the subpoenaed documents exist and to respond appropriately to the subpoena."[26] This obligation extends to subsequent efforts to comply with the Court's Goodwin Subpoena Order.

The Court has reviewed the search terms Goodwin reportedly used to search for documents responsive to the modified Subpoena and finds Goodwin has satisfied its obligation to make reasonable efforts to identify responsive documents by running these search terms against the collection of documents from the four identified custodians. Goodwin states it undertook a robust collection effort, applying search terms aligned with Teva's and collecting over 4,500 documents for review but upon review virtually all the documents were non-responsive, not because of any flaw in the process, but because of: "(i) Goodwin's limited involvement; (ii) the terms and scope of Plaintiffs' own subpoena; and, (iii) this Court's prior Order on Plaintiffs' first motion to compel to Goodwin[], which substantially narrowed the scope of responsive documents."[27]

---

[24] *See Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-cv-01882-JGB, 2020 WL 2405295, at *9 (C.D. Cal. Mar. 10, 2020) (applying a heightened standard to document subpoenas served on former opposing counsel and law firm, noting "discovery sought from opposing counsel is universally disfavored"); *In re Allergan, Inc*, No. 14-cv-02004-DOC (KES), 2016 WL 5922717, at *4 (C.D. Cal. Sept. 23, 2016) (finding the fact that the defendant served the subpoena upon opposing trial counsel a factor to be considered in determining if the subpoena imposed an undue burden); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) ("Courts have been especially concerned about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery.").

[25] *See* Goodwin Subpoena Order (ECF No. 312) at 6–7.

[26] *Veroblue Farms USA, Inc. v. Wulf*, No. 1:21-MC-00016-CMA, 2021 WL 1979047, at *2 (D. Colo. May 18, 2021).

[27] Goodwin's Resp. (ECF No. 355) at 2–3.

Plaintiffs offer mere speculation that the low number of documents produced by Goodwin is a result solely due to deficiencies with respect to the search terms used. The Court is not persuaded that even if it ordered Goodwin to run the search terms proposed by Plaintiffs this would yield a significant number of additional documents responsive to the modified Subpoena. Goodwin has provided other reasons, unrelated to the search terms used, for the low number of documents produced, including the Court's own prior ruling that excluded from production all communications and documents that had already been produced by Defendants or logged on a privilege log in this case and Goodwin's wholly internal law firm communications and documents.

The Court also finds the burden and expense to non-party Goodwin to run yet another search of the records of the four identified custodians, and subsequent review of those documents, outweighs the likelihood Goodwin will locate a significant number of responsive, non-privileged documents not already produced by Defendants in this case. The Court concludes the burden and expense of Plaintiffs' request that Goodwin run another search with Plaintiffs' proposed search terms outweighs the likely benefit of the subpoenaed discovery.[28] Plaintiffs' request that Goodwin be compelled to run additional search terms is denied.

## III. Goodwin's Use of Redactions For Non-Responsiveness

Plaintiffs also request in their motion that the Court order Goodwin to produce two documents in unredacted form.[29] These two email strings were part of the ten documents Goodwin

---

[28] *See* Fed. R. Civ. P. 26(b)(1) (requiring consideration of "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"); *Martley v. City of Basehor, Kan.*, No. 19-2138-DDC-GEB, 2021 WL 1210013, at *8 (D. Kan. Mar. 31, 2021) ("Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents.").

[29] The redacted emails are filed as exhibits K and L to Plaintiffs' Motion to Compel (ECF Nos. 349-9 and 349-10) (sealed). They are identified with "Begin Bates" numbers GP2025-30_00000448 to 450 and GP2025-30_00000462 to 464.

produced on April 10, 2026. Plaintiffs argue Goodwin is not permitted to unilaterally redact documents for "non-responsiveness" under case law in this District, citing *McNabb v. City of Overland Park*.[30] They also argue Goodwin is not a "party" and therefore cannot rely on the ESI Protocol to avoid the usual rules against redactions for non-responsiveness and, even under the ESI Protocol's provisions, Goodwin's redactions are improper.

Goodwin defends its redactions, claiming it appropriately applied non-responsive redactions in accordance with the ESI Protocol. It argues the ESI Protocol does not limit the specifications governing document production just to the parties in the case, but rather "sets forth the specifications that govern document production during discovery in the above-captioned matter," and permits a "Producing Party may redact the non-responsive portion(s) of the document provided that the redactions do not obscure the meaning of the responsive portions of the document."[31]

The Court's prior Goodwin Subpoena Order did not mention the withholding of information on responsive documents by redacting them for non-responsiveness.[32] Goodwin's argument that it was permitted to do so under the ESI Protocol is not convincing. It argues in a contradictory fashion that the ESI Protocol's provisions requiring negotiations regarding search terms do <u>not</u> apply to it, but the provisions permitting non-responsive redactions <u>do</u> apply to it. The ESI Protocol appears to only apply to the "parties" and therefore would not apply to non-party

[30] No. 12-CV-2331 CM/TJJ, 2014 WL 1152958, at *2–3 (D. Kan. Mar. 21, 2014) (discussing the impropriety of unilateral redactions of either irrelevant, non-responsive, or confidential information).

[31] ESI Protocol (ECF No. 100) at 1–2 and 18.

[32] The Goodwin Subpoena Order did allow Goodwin to provide a privilege log describing withheld documents "if Goodwin withholds documents responsive to Subpoena Requests 1–9, as modified above, on the basis of any privilege or work product."

Goodwin. Even if the ESI Protocol applied to Goodwin, its provision allowing redaction for non-responsive information only permits redactions for "parent emails."[33]

The Court has reviewed the unredacted information on the two email strings in dispute. Based upon that review, the Court finds the unredacted information indicates these emails are relevant to the timeliness issues but the Court cannot determine whether the redacted information is merely non-responsive information as Goodwin contends. Because Plaintiffs' Motion to Compel is timely as to the redaction issues on the privilege log provided on April 24, the Court grants Goodwin's Motion to Compel in part and orders Goodwin to provide unredacted copies of the two email strings so that the Court can review them *in camera*.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Goodwin Proctor LLP Regarding its Production and Logging in Response to Plaintiffs' Subpoena (ECF No. 349) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel is denied insofar as it requests Goodwin run additional searches using search terms proposed by Plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel is granted in part insofar as it requests Goodwin produce two documents in unredacted form. The Court will review the redacted portions of these two emails *in camera* to determine whether they should be produced by Goodwin in unredacted form. **Within seven (7) days of the date of this Order**, Goodwin shall provide unredacted versions of ECF Nos. 349-9 and 349-10 (Exhibits K and L to Plaintiffs' Motion to Compel) to the chambers of the undersigned Magistrate Judge for an *in camera* review.

---

[33] *See* ESI Protocol (ECF No. 100) at 18. ("Non-responsive parent emails that are part of responsive families must be produced. However, parent emails may be redacted to the extent it contains non-responsive Information. The Producing Party may redact the non-responsive portion(s) of the document provided that the redactions do not obscure the meaning of the responsive portions of the document.").

IT IS SO ORDERED.

Dated August 25, 2026, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge