UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,

Defendants.

Case No. 22-cv-2501-DDC-TJJ

## ***IN CAMERA* REVIEW ORDER**

The Court has completed its *in camera* review of the unredacted portions of two emails provided by Goodwin Procter LLP ("Goodwin") pursuant to the Court's August 25, 2026 Memorandum and Order (ECF No. 396) ("M&O").[1] That M&O ordered Goodwin to provide unredacted versions of the emails at issue so the Court could review them *in camera* to determine whether Goodwin should be compelled to produce the emails in unredacted form.

Based upon its review, the Court finds Goodwin must produce both disputed email strings in unredacted form. Under applicable law in this District, redactions for unresponsiveness are not

[1] Redacted versions of the emails are filed as Exhibits K and L to Plaintiffs' Motion to Compel Goodwin (ECF Nos. 349-9 and 349-10) (sealed).

permitted.[2] Allowing such unilateral redactions would insert "another step in the process," inviting additional discovery disputes and undermine Fed. R. Civ. P. 1's directive to construe the Rules to advance the just, speedy, and inexpensive determination of cases.[3] Goodwin may not unilaterally "scrub responsive documents for non-responsive information"[4] by redacting the subpoenaed documents it produced for "non-responsiveness," absent some agreement permitting the redaction.

As the Court previously found in its M&O, Goodwin is not a "party," and therefore not permitted to rely upon the ESI Protocol's provision permitting non-responsive redactions for "parent emails" absent the parties' agreement. Even if the ESI Protocol applied to Goodwin, its provision allowing redaction for nonresponsive information only permits redactions for "parent emails." Although the parties' ESI Protocol does not define the term "parent email," the Court construes it to mean an email (the "parent") that transmits an attachment (the "child').[5] With that understanding, none of Goodwin's redacted email strings appear to qualify as a "parent email" that would permit redaction for non-responsiveness.

Finally, the Court finds the redactions on the June 4, 2012 email string appear to be innocuous, non-substantive responses between email recipients, e.g., redacting the letters "Fyi."

---

[2] *See McNabb v. City of Overland Park*, No. 12-CV-2331 CM/TJJ, 2014 WL 1152958, at *2 (D. Kan. Mar. 21, 2014) ("In the few cases in this district where the court has addressed the propriety of unilateral redactions of either irrelevant, non-responsive, or confidential information, unilateral redactions have been found to be inappropriate.") (discussing *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2007 WL 634735, at *3 (D. Kan. Feb. 27, 2007); *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2010 WL 4792388, at *5–*6 (D. Kan. Nov. 17, 2010)).

[3] *Fish v. Kobach*, No. 16-2105-JAR, 2017 WL 1373882, at *7 (D. Kan. Apr. 17, 2017) (citations omitted).

[4] *Id.*

[5] *See* ESI Protocol (ECF No. 100) ¶ IV.A. (referencing "parent email and all attachments"); ¶ IV.G. ("The parent-child relationship between attachments, enclosures, embedded files, and/or exhibits to any parent document shall be preserved.").

The Court finds no reasonable basis for redaction of this information in the first place. While the redacted portions may not be responsive or relevant to the timeliness issue, redaction of information such as this merely invites unnecessary discovery disputes by causing the receiving party to presume the redacted information is worth pursuing. With regard to Goodwin's redactions of the May 7, 2015 email string, the Court finds the redacted information is substantive, responsive, and relevant to the timeliness issue. This information was improperly redacted as "non-responsive."

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Goodwin (ECF No. 349) is granted as to Plaintiffs' request that Goodwin remove its improper non-responsiveness redactions and produce in unredacted form the two emails identified as Exhibits K and L to Plaintiffs' Motion to Compel (ECF Nos. 349-9 and 349-10).

**IT IS FURTHER ORDERED** that Goodwin shall produce unredacted versions of these two emails to Plaintiffs within **ten (10) days of the date of this Order**.

IT IS SO ORDERED.

Dated September 4, 2026, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge